Lincoln J.
delivered the opinion of the Court. The statute of 1805, c. 100, having exempted from attachment the tools of a debtor necessary for his trade or occupation, and the jury having found substantially that the articles mentioned in the plaintiff’s declaration were the tools of his trade as a jeweller, the verdict will be sustained, unless it was induced by a misdirection in point of law, or was against the evidence in the case ; on both of which grounds it is now attempted to be impeached.
The terms of exemption used in the act are too explicit, and the intention of the legislature too obvious, to admit of misconstruction. The design and the effect of the law are to secure to handicraftsmen the means by which they are accustomed to obtain subsistence in their respective occupations. The exemption is not limited merely to the tools used by the tradesman with his own hands, but comprises such, in character and amount, as are necessary to enable him to prosecute his appropriate business in a convenient and usual manner ; and the only rule by which it can be restricted, is that of good sense and discretion in reference to the circumstances of each particular case. It would be too narrow a construction of a humane and beneficial statute, to deny to tradesmen whose occupation can hardly be prosecuted at all, much less to any profitable end, without the aid of assistants, as journeymen and apprentices, the necessary means of their employment. Whenever an attempt is made to abuse the protection, which the law affords to the unfortunate debtor, in the prosecution of the ordinary and necessary business of his calling, to the purpose of a fraudulent security of property from attachment by the possession of unnecessary tools of trade, or those of unreasonable price and value, it will be in the power of the creditor to defeat the object by successfully submitting the question of their necessity to the decision of a court and jury. The case of Buckingham v. Billings, cited by the defendant’s counsel, was decided upon the explicit finding of the jury, that the articles mentioned *90 in the writ were not necessary to the plaintiff in carrying on his trade of a printer, and from the description of the articles the Court also were of opinion that they were not tools within idle meaning of the statute.[1] In the case at bar it is found by the jury, that the articles attached were the tools of a jeweller, and that the plaintiff had no more than were necessary in that occupation. The misdirection of the judge is supposed to consist in the instruction to the jury, that the plaintiff’s tools used by his journeyman or apprentice in the business of his trade were protected from attachment; bul upon the facts in this case we are satisfied that the direction was right.
The objection to the verdict, that it was against the evi dence, is wholly unsupported by the report of the testimony given at the trial. It was proved that the plaintiff had served a regular apprenticeship in the business of a jeweller ; that he afterwards hired himself out as a journeyman jeweller and worked exclusively at that trade for some years, and that he has since been constantly engaged in the business of a jeweller, having an apprentice in that employment at the very time of the attachment of his tools by the defendant. These facts were not controverted. The circumstance that he was also engaged in the business of repairing watches, cannot affect this view of the case, for from the testimony it results that this is rather a part of the employment of a jeweller, as exercised in this country, than a distinct and separate occupation by itself. But were it otherwise, it would not necessarily follow, that because the plaintiff was a watchmaker, working and repairing watches in the front part of his shop, his more appropriate trade was not that of a jeweller, while *91 he continued the business in which he had been apprenticed, himself instructing apprentices, employing journeymen, and vending the wares manufactured on his account and under his personal superintendence. Whether, if the plaintiff had been alike occupied in two distinct trades, at the same time, his tools used in both would be protected, and if not, with whom would be the election, the officer or himself, are questions not necessary in this case to be considered. We cannot but think, however, without intending to decide the points, that there is no cause to complain of the direction of the judge in either of these particulars.
The opinion of the Court is, that judgment must be entered upon the verdict.

 Printing types and forms are held not to be tools exempted from attachment and execution under St. 1805, c. 100, § 1. Danforth v. Woodward, 10 Pick. 423; Spooner v. Fletcher, 3 Vermont R. 133, S. P. A mill saw does not come under the head of tools, so as to be exempted from attachment. Batchelder v. Shapleigh, 1 Fairfield, 135. A portable machine called a billy and jenny, used for spinning and manufacturing cloth, is not exempt from attachment and execution in Vermont. Kilburn v. Demiming, 2 Vermont R. 404. It is held in Tennessee, that the tools of a mechanic may be levied on to satisfy a judgment against him, while he is using them. Bell v. Douglass 1 Yerger, 397.