Thomas S. Dowling *vs.* Edwin A. Clark.

Under Gen. Sts. c. 133, § 32, a sewing machine of less than $100 in value, owned by one engaged in the manufacture of ready made clothing, and used by a person employed by him, is exempt from attachment, as necessary, if without it such business cannot successfully be carried on, although the owner does not know how to use it himself.

Tort by a tailor against a deputy sheriff for the conversion of a sewing machine, by taking and selling the same on an execution against the plaintiff, on the 27th of May 1859.

At the second trial in the superior court, the plaintiff introduced evidence tending to show that shortly before the time of the alleged conversion he engaged in the manufacture of ready made clothing, in which the sewing machine in question was necessary, and was used by a person employed by him; and the defendant introduced evidence tending to show that before that time the plaintiff had ceased to be engaged in the manufacture of ready made clothing. The plaintiff did not know how to use the machine himself; and all his implements used in his business did not amount in value to $100. Evidence was introduced by both parties as to the quality of work done by a sewing machine. The defendant requested the court to instruct the jury as follows: 1. If the trade or business of the plaintiff could have been done as well by hand, though not as quickly, as by the use of a sewing machine, the latter was not necessary, within the meaning of the statute; 2. If it could have been done well by hand, though it might have been done better and more quickly by the use of a sewing machine, the latter was not necessary; 3. The term necessary excludes everything without which the debtor can work at or carry on his trade or business; 4. If the plaintiff could not himself use a sewing

machine, it was not exempt under the statute; 5. If the plain-tiff was not engaged, at the time of the taking, in the manu-facture of ready made clothing, the sewing machine would not be exempt, unless necessary to the trade of a tailor.

*Morton*, J. declined to instruct the jury in the above words, but instructed them that the burden of proof was on the plain-tiff to satisfy them that at the time of the attachment he was engaged in the trade or business of manufacturing ready made clothing, and that the sewing machine was necessary for that business, and if so, and if without it such trade or business could not successfully be carried on, then it was necessary within the meaning of the law.

The jury returned a verdict for the plaintiff, and the defend-ant alleged exceptions.

*A. F. L. Norris*, for the defendant.

*D. S. Richardson & T. Pearson*, for the plaintiff, were not called upon.

MERRICK, J. The instructions to the jury were correct. They embraced all that was asked for in the several prayers of the defendant, which, in reference to the facts proved in the case, were required or proper to be given. *Dowling* v. *Clark*, 1 Allen, 283.                                    *Exceptions overruled.*