HON. ASAHEL PECK, ⎫
HON. HOYT H. WHEELER, ⎬ ASSISTANT JUDGES.
HON. JONATHAN ROSS, ⎭

---

## J. R. ALLEN *v.* S. L. THOMPSON.

### *Exemption from Attachment.*

A barber's chair and foot-rest, used by a barber in his business, are exempt from attachment.

TRESPASS for a barber's chair and foot-rest. Plea, the general issue, with notice of justification. Trial by the court, December term, 1872, BARRETT, J., presiding.

It was conceded that the plaintiff was entitled to recover, unless the articles sued for were subject to attachment and execution. It was also conceded that the justification was made out, unless the articles were exempt from attachment and execution under

the statute. The only question was, whether they were so exempt. The plaintiff was, at the time the articles were attached, and for sixteen months had been, a barber in Ludlow village, keeping a shop in which said articles were used by him in said business, and they were customary and necessary articles for use in carrying on said business, and the only ones the defendant had or owned. They were worth twenty dollars at the time they were attached. The court, *pro forma*, rendered judgment for the plaintiff to recover that sum, and interest from the time of taking by the defendant. Exceptions by the defendant.

*Gilbert A. Davis*, for the defendant, cited No. 39 of the Acts of 1866; *Kilburn* v. *Demming*, 2 Vt. 404; *Spooner* v. *Fletcher*, 3 Vt. 133; *Garrett* v. *Patchin*, 29 Vt. 248; *Henry* v. *Sheldon*, 35 Vt. 427, 429; *Buckingham* v. *Billings*, 13 Mass. 82; *Danforth et al.* v. *Woodward*, 10 Pick. 423; *Batchelder* v. *Shepleigh*, 1 Fairf. (Me.) 135; *Meyer* v. *Meyer*, 23 Iowa, 359, cited in Amer. Law Rev. of April, 1869, 476.

*Walker & Goddard*, for the plaintiff, cited *Kilburn* v. *Demming*, 2 Vt. 404; *Garrett* v. *Patchin*, 29 Vt. 248; *Dunlap* v. *Edgerton*, 30 Vt. 224; *Henry* v. *Sheldon*, 35 Vt. 427; *Howard* v. *Williams*, 2 Pick. 80; 5 Allen, 43.

The opinion of the court was delivered by

Ross, J. The only question raised by the exceptions is, whether a barber's chair and foot-rest are exempt from attachment and levy of execution, under the provisions of the statute which exempts " such suitable tools," &c., as are " necessary for upholding life." The case finds that the articles are necessary for the barber to use in carrying on his business. The only question then, is, are they tools within the meaning of the statute ? Under the rule laid down by the court in *Spooner* v. *Fletcher*, 3 Vt. 133, relied upon by the defendant, we think the articles are tools within the meaning of the statute. In that case it is said : " It is evident the legislature intended to limit, so far as they could, the amount of each class of property which would have a

general application to the wants of poor people ; as, ' one cow, ten sheep,' &c. ; but no limitation or description could be given of *tools*, the variety being so great ; therefoie, it is left to courts to construe, and apply the construction to cases as they may arise. Hence it has been considered that· implements used by blacksmiths might be classed under the term *tools*, as used in this act, being few in number, small in value, simple in construction, and operated by direct application of manual strength ; and this has been thought going quite far enough, as there may be some doubts as to the anvil and bellows being *tools*." The tools of a barber are few in numbei, small in value, and simple in construction. The chair in which he places his customers, to hold them in a convenient position to be operated upon, is adjustable by raising and lowering the head-piece. It is operated by direct application of manual force. It is used in almost every operation he performs while at work at his trade. It is quite as much a *tool*, as the blacksmith's anvil, or vise, the shingle-maker's shaving-horse, the wood-sawyer's saw-horse, the photographer's head-rests, the shoemaker's bench, or the carpenter's tool-chest, or portable workbench, and many other implements used to hold a mechanic's work in a convenient and suitable position to be operated upon.

Judgment affirmed.