[Sac. No. 477. Department Two.—November 26, 1898.]

In the Matter of the Estate of V. SLADE, Deceased. FRANK SLADE, Executor, etc., Appellant, v. PHOEBE SLADE, Respondent.

ESTATES OF DECEASED PERSONS—SETTING APART EXEMPT PROPERTY TO WIDOW—IMPLEMENTS OF HUSBANDRY.—The farming utensils and implements of husbandry used by the decedent in the operation of a farm of three hundred acres, may be set apart to the widow as property exempt from execution, although, by the will of the decedent, only the dwelling-house and about forty acres of orchard and vineyard lands were devised to her, and the residue of the estate was devised to the children and grandchildren.

ID.—CLASSES OF HUSBANDRY NOT REGARDED.—The law does not recognize classes of husbandry, nor limit its exemption of farming utensils and implements of husbandry to one particular class of several that may be followed by the farmer, and will not inquire whether they were used in agriculture, horticulture, or viticulture.

ID.—JURISDICTION OF SUPERIOR COURT.—Upon a petition of the widow for an order setting apart to her the exempt property of the decedent, the superior court had jurisdiction to grant the prayer of the petition under section 1465 of the Code of Civil Procedure, and it is immaterial whether it granted the relief under a sense of compulsion, or in the exercise of a sound discretion, where nothing appears in the record to indicate an abuse of discretion.

ID.—PRESUMPTION AS TO FUTURE ALLOWANCE.—If the widow should petition for an allowance under section 1466 of the Code of Civil Procedure, after an order setting apart to her the exempt prop-

erty, it must be presumed that the court will act with due regard to its previous order, and to the subsequent condition of the estate.

ID.—VALUE OF EXEMPT IMPLEMENTS—AMENDMENT OF CODE—IMMATERIAL QUESTION.—If the inventory shows that exempt implements of husbandry set apart to the widow were of less value than one thousand dollars, it is not material to decide whether the amendment of March 27, 1897, to section 690 of the Code of Civil Procedure limiting the exemption to implements of the value of one thousand dollars, which took effect after the death of the decedent, but prior to the order setting them apart, controls the exemption or not.

ID.—CORRECTNESS OF INVENTORY—COST OF REPLACING IMPLEMENTS USED. The correctness of the inventory, and its effect as evidence of the value of the exempt implements, is not disputed by evidence that they could not be replaced for a sum greatly exceeding the appraised value, and greatly exceeding one thousand dollars. The cost of replacing exempt implements used by the decedent with new implements is no measure of the value of the implements used.

ID.—FINDINGS—EXEMPTION—OMISSION OF VALUE.—Findings that the property set apart to the widow was exempt from execution at the death of the decedent, and still is so exempt, involves a finding that the property did not exceed the statutory limit of value if applicable thereto, and it is not prejudicial error to omit to find as to its value.

ID.—OMISSION TO FIND AS TO FUNDS.—Where there is no petition for an allowance accompanying a petition to set apart exempt property to the widow, it is unnecessary to find upon an allegation of the answer that there were funds sufficient to support the widow. The order setting apart the exempt property does not involve any question as to the sufficiency of the funds.

APPEAL from an order of the Superior Court of Yolo County setting apart exempt property to the widow of a deceased person. E. E. Gaddis, Judge.

The facts are stated in the opinion.

R. Clark, and Hudson Grant, for Appellant.

Phil Bruton, and C. W. Thomas, for Respondent.

CHIPMAN, C.—Petition by the widow of deceased to set apart personal property. The executor named in the will of deceased, who was also his son and one of the devisees of the will, opposed the petition. The court made the order prayed for, from which this appeal is prosecuted.

Deceased left an estate worth about thirty thousand dollars, consisting of three hundred acres of land in one body. One hundred and fifty acres were devoted to. growing orchard fruits and grapes and about ten acres to garden produce, the balance being used to grow hay. The farm was equipped with implements appropriate for and which were used in operating the entire farm. By his will deceased devised to his wife about ninety acres, including the dwelling-house of the family and about forty acres of the orchard and vineyard lands; and to his children and grandchildren he gave the residue of his property, without making any specific devise of the personal property; the estate was but little in debt, and there was money out of which an allowance could have been provided without disposing of the personal property. The court made its decree setting apart the property in question to the widow as property exempt from execution.

Appellant in his answer claims that deceased carried on three distinct occupations, to wit, farming or agriculture, fruit growing or horticulture, and grape growing or viticulture; and that petitioner must elect to take under some one of these occupations, and no more; that this property is not necessary for her support, but that she is entitled to receive a full support from the estate, and appellant is willing to pay her therefrom (of which there is sufficient) for such support; that section 690 of the Code of Civil Procedure makes no provision for exempting the tools, implements, and machinery of a horticulturist or viticulturist, and none such are exempt; that only the household and kitchen furniture in use in the dwelling-house is exempt, and this much appellant consents may be set apart to petitioner.

1. Section 690 of the Code of Civil Procedure is as follows: "The following property is exempt from execution, except as herein otherwise specially provided: . . . . 3. The farming utensils or implements of husbandry of the judgment debtor; also two oxen or two horses or two mules, and their harness, one cart or wagon"; and some other articles not here involved. We do not think that where a person engages in diversified farming the law exempts only such of his farming utensils or implements as he may use in some one of the separate branches

of his farming operations. Webster defines a farmer to be "one who is devoted to the tillage of the soil; an agriculturist; a husbandman"; and farming he defines to mean "the business of cultivating land." He defines "husbandry" to mean "the business of a farmer, comprehending the various branches of agriculture." The followers of this ancient and honorable occupation may call themselves horticulturists, or viticulturists, or gardeners, but they are farmers, and their occupation is that of farming as contemplated by the statute. The law does not deal with classes of husbandry, nor does it limit the exemptions to one particular class of husbandry out of many that may be followed by the debtor.

Embraced in the list of articles are a great many whose use is peculiar to the particular branch of farming carried on by deceased. But we do not understand appellant to deny that they were all used and were necessary for use in the several branches of agriculture carried on by deceased; and, as appellant makes no point as to any one article, we shall not undertake to examine the list to ascertain whether any particular utensil or implement is not exempt.

2. Appellant contends that the court was not compelled to set apart this property; that the will devised it to other heirs at law; that there was no necessity for setting it apart to the widow, as there was money of the estate that could have been used and the executor was willing to pay her for her support; that the trial judge regarded the provisions of section 1465 of the Code of Civil Procedure as mandatory, leaving him no discretion; and if he did not so regard the section, but exercised his discretion, then it was an abuse of discretion, and should be corrected.

When a person dies leaving a widow or minor children, section 1164 of the Code of Civil Procedure gives them the right to remain in possession of· certain property, and also a reasonable provision for their support, until letters are granted and the inventory is returned. "Upon the return of the inventory, or at any subsequent time during the administration, the court may, on its own motion, or on petition therefor, set apart for the use of the surviving husband or wife . . . . all the property exempt from execution, including the homestead selected."

et cetera. (Code Civ. Proc., sec. 1465.) Section 1466 of the Code of Civil Procedure provides: "If the amount set apart be insufficient for the support of the widow and children, or either, the court or judge thereof must make such reasonable allowance out of the estate as shall be necessary for the maintenance of the family, according to their circumstances, during the progress of the settlement of the estate," et cetera. .

Whether, under these sections, it is the duty of the court to make provision for the support of the family in the order pointed out by these sections, or whether the court must, when petitioned to do so, set apart the exempt property; or whether such a petition may be refused and provision be made under section 1466, are questions we do not think it necessary to decide. The court had the petition before it, and had jurisdiction to grant the prayer under section 1465; and it exercised that jurisdiction favorably to the petitioner. Whether it did so under a sense of compulsion, or in the exercise of a sound discretion, is immaterial, as it had jurisdiction over the subject matter. The findings, we think, support the decree; and we are only to inquire whether the evidence justifies the findings.

It is claimed that no necessity was shown for setting apart this personal property to the widow, and that the court erred in not finding upon contestant's answer, in which it is alleged that there are ample funds out of which the widow may be supported, and that the other devisees desired to retain these implements in kind. It appeared that the widow was to take by the will forty-six acres of the orchard and vineyard land; and, although no direct evidence was offered that she needed this personal property, there was quite as much as there was to support the desire of the other devisees to retain it. The court had full power to grant the petition, and we find nothing in the record to warrant the claim that it abused its discretion. The dire consequences pointed out by counsel for appellant should the decree stand need not necessarily ensue, because, should the widow hereafter apply for an allowance under section 1466, the court, it must be presumed, will act with due regard to any previous order made for her support and the subsequent condition of the estate.

3. It is further claimed that the court erred because the de-

cree gave the widow property in value greater than one thousand dollars.  Deceased died May 12, 1897.  It does not appear when letters were issued, but an inventory was returned July 10, 1897, and immediately thereafter respondent petitioned for the property.  The hearing was continued to September 13, 1897, to which date, but no longer, an allowance of forty dollars per month was ordered.  Section 690 of the Code of Civil Procedure was amended March 27, 1897, and the amendment took effect sixty days thereafter (Stats. 1897, p. 179), limiting the value of exempt implements of husbandry to one thousand dollars.

It is claimed that the law in force when the petition was filed, and not the law when the deceased died, must control.  The inventory was admitted without objection, and shows that the implements of husbandry claimed were of less value than one thousand dollars, although there was other of the property in question which, together with the implements, was of an aggregate value greater than one thousand dollars.  Appellant claims that the inventory was offered for the limited purpose of showing what property belonged to the estate.  But the transcript shows no such limitation, and we must presume that it was introduced for all legitimate purposes.  A witness for contestant testified that "the property sought to be set aside could not be replaced for less than two thousand seven hundred or three thousand dollars."  There was no other evidence as to values.  We think the inventory values furnished some evidence, and that there was nothing in appellant's evidence necessarily disputing the correctness of the inventory values.  To replace this personal property with new implements might cost three thousand dollars, but that furnishes no measure of value for implements which have been in use.  There is evidence sufficient to support the decree.  It was not prejudicial error to omit making a separate finding as to the value of the property.  The court found that the property was exempt at the death of deceased, and is still exempt.  If the court regarded the law in force as it stood at the death of deceased, the value of the property was immaterial; if the court held the amended statute to be in force, the finding that the property is still exempt we think is equivalent to a finding that the property did not exceed the statutory limit; and, as

the evidence sustains such finding, the question as to which statute should be applied does not therefore necessarily arise, and is not decided. It was not error not to find as to appellant's answer that there were funds sufficient with which to support the widow. Conceding this to be true, the court had the power to exercise its discretion and give the property asked for under section 1465. There was no petition for an allowance under section 1466, and the alternative of substituting money for the property was not presented. The failure to find as to the sufficiency of the funds could not show error as to an order which did not involve such funds.

The order and decree should be affirmed.

Haynes, C., and Belcher, C., concurred.

For the reasons given in the foregoing opinion the order and decree are affirmed.

Temple, J., Henshaw, J., McFarland, J.