LAGUNA ET AL., PETITIONERS AND APPELLEES, v. QUIÑONES, MUNICIPAL JUDGE, RESPONDENT (TRUJILLO, INTERVENOR AND APPELLANT).

### APPEAL from the District Court of Ponce in Certiorari Proceedings.

No. 1386.—Decided January 25, 1916.

EXEMPTION FROM EXECUTION—TOOLS AND IMPLEMENTS—BARBERS.—According to section 249 of the Code of Civil Procedure, the tools and implements that are usually considered necessary for a barber's trade, he being considered a mechanic for such purpose, are exempt from execution when the value thereof does not exceed three hundred dollars.

ID.—CONSTRUCTION OF LAW.—Statutes which exempt personal property from execution are remedial in character and intended to protect the debtor and enable him to follow his vocation and thus support himself and his family. Such statutes should be construed liberally.

ID.—TOOLS AND IMPLEMENTS—JOURNEYMEN AND APPRENTICES.—The exemption is not limited to the tools and implements used by the debtor in his calling or trade, but includes those used by his journeymen and apprentices.

ID.—DUPLICATION OF TOOLS AND IMPLEMENT.—The mere duplication of tools and implements which are useful and usually necessary to the trade or calling of the debtor does not deprive them of their exempt character, unless their value exceed the sum of three hundred dollars fixed by the statute.

ID.—EXECUTION—ATTACHMENT.—Section 249 of the Code of Civil Procedure is applicable both to executions and to lis pendens attachments.

ID.—PURCHASE PRICE OF TOOLS AND IMPLEMENTS.—Subdivision 12 of section 249 of the Code of Civil Procedure is not applicable when the action is not brought for the purchase price or for the amount of a mortgage on the articles seized, but for an obligation contracted with the sureties to repay them for money advanced which the debtor has seen fit to employ in the purchase of tools and implements of his trade.

ID.—DISSOLUTION OF ATTACHMENT—PROCEDURE.—The fact that a deputy marshal of the district court and not a marshal of the municipal court where the action was pending dissolved the attachment is immaterial, and there is no violation of procedure when the said attachment is dissolved and becomes effective immediately and the debtor obtains a clear title to the attached goods.

ID.—CERTIORARI—PROCEDURE—JURISDICTION.—A writ of certiorari to review the decision of a court declaring certain property belonging to the debtor to be exempt from seizure does not lie when the court has heard the evidence and weighed the same, correctly or incorrectly, without violating any rule of procedure or jurisdiction.

The facts are stated in the opinion.

Mr. Vicente Zayas Pizarro for the appellant.

Mr. R. Martínez Nadal for the petitioners and appellees.

The respondent did not appear.

MR. JUSTICE WOLF delivered the opinion of the court.

Temístocles W. Laguna and Rafael Torres endorsed or guaranteed a promissory note for Antonio Trujillo, the maker, in the sum of $300. The said Trujillo had the bill discounted in a bank of Ponce and invested the proceeds in the purchase of a barber shop. He promised to pay the debt to the complainants in monthly instalments, but he paid no part of the said debt and the sureties being compelled to pay the bank, they brought a suit in the Municipal Court of Ponce against Trujillo for the recovery of the same. To secure the effectiveness of the judgment the said sureties attached a lot of the tools and implements used and employed by the defendant in his barber shop. He moved to dissolve the attachment on the ground that the goods attached were exempt from attachment and execution, being tools and implements necessary to the debtor's trade.

The Municipal Court of Ponce held a trial on the motion, each of the parties presented proof and the court rendered a decision in favor of the defendant debtor. Thereupon the complainants in that court presented a petition of certiorari to the District Court of Ponce setting forth substantially the foregoing facts and the additional fact that the attachment was dissolved by a person who was not the marshal of the said municipal court. The appellant, Trujillo, both demurred and answered.

The demurrer, on the ground that the petition did not state a ground of certiorari, we think was well taken, but there was a trial in the district court and the action of the municipal court in dissolving the attachment was annulled. As we think that the merits of the contention are in favor of the debtor, we shall discuss the questions raised somewhat in the order of their importance.

The goods attached were mirrors, chairs, scissors, fans, clippers, brushes, lamps, tables, desks, towels, electric fix-

tures and a number of other articles, all of them of the classes and kinds usually found in a barber shop. The claim of exemption was based on section 249 of the Code of Civil Procedure, as follows:

"In addition to the homestead exempted by the homestead law, the following property belonging to an actual resident of this Island is exempted from execution, except as herein otherwise specially provided:

\*          \*          \*          \*          \*          \*          \*

"4. Tools or implements of a mechanic or artisan necessary to carry on his trade, not exceeding in value the sum of three hundred dollars; \* \* \*."

The value of the goods seized was admittedly less than $300.

There seems to be no question in this case that the goods attached were of the kind and class that are usually considered as necessary tools and implements for a barber's trade, the barber being considered a mechanic for this purpose, and the authorities that we shall subsequently cite support this view, and the point is also discussed in the monographic note to the case of *Kilburn* v. *Demming,* 21 A. D. 553; *Terry* v. *McDaniel,* 46 L. R. A. 561; *Spence* v. *Smith,* 121 Cal. 536. The district court, however, based its decision on the ground that there was a duplication or a triplication or other excess of some of the articles that the debtor claimed were necessarily exempt; that the debtor could get along with one of each kind and hence that the municipal court erred in entirely setting aside and dissolving the attachment.

It was held by the Supreme Court of California in the case of *In re Estate of L. McManus,* 87 Cal. 292, 10 L. R. A. 567, that statutes exempting personal property from execution forced sale are remedial in character and evidently intended to protect the debtor and enable him to follow his vocation and thus earn a support for himself and family. The general rule now is that such statutes are to be liberally con-

strued to carry into effect the humane purpose designed by the lawmaker. Not only are the statutes given a liberal construction but the words "tools and implements" have been held to apply to articles which a strict technical construction would exclude. The court, in the case cited, reviews the previous cases to show the kind of things that would be exempt. In Massachusetts, for example, in the case of *Woods* v. *Keyes*, 96 Mass. 236, a clock, stove, screen, pitcher, and table cover, usual and necessary to carry on the business of a milliner, were held to be included in tools, implements and fixtures; and, incidentally, a barber's chair was therein shown to be exempt as a tool. *Allen* v. *Thompson*, 45 Vt. 472. The idea of a liberal construction of exemption statutes has generally been followed. In *Terry* v. *McDaniel*, 53 S. W. 732, 46 L. R. A. 559; *Smith* v. *McBryde et al.*, 173 S. W. 234; *Kilksey* v. *Rowe*, 114 Ga. 893, 88 Am. St. Rep. 65; *Nelson* v. *Fightmaster*, 4 Oklahoma, 38; *In re Peterson*, 95 Fed. 418; *In re Hindman*, 104 Fed. 333, and in a number of the foregoing the case of *In re Estate of McManus, supra,* is referred to with approval.

In pursuance of this liberal policy, the courts have not limited the debtor to the mere tools that he might use, but also to the tools used by his journeymen and apprentices. In the comparatively early case of *Darling* v. *Clark*, 85 Mass. 570, tools were exempted when used by the person employed by the debtor and not by the debtor himself.

In *Daniels* v. *Hayward*, 5 Allen 43, 81 A. D. 731, the court points out that it would be too narrow a construction of a humane and beneficent statute to deny to tradesmen whose occupation can hardly be prosecuted at all, much less to any profitable end, without the aid and assistance as journeymen and apprentices, of the necessary means of their employment, holding that the exemption is not necessarily limited to the tools used by the tradesman with his own hands.

In *Howard* v. *Williams,* 19 Mass. 80, the court said:

"The exemption is not limited merely to the tools used by the tradesman *with his own hands,* but comprise such, in *character* and *amount,* as are necessary to enable him to prosecute his appropriate business in a convenient and usual manner; * * *."

Other cases to the same general effect are *In re Slade's Estate,* 122 Cal. 434, 55 Pac. 158; *Smith* v. *McBryde et al.,* 173 S. W. 234, and other cases collected in the monographic note to *Reeves* v. *Bascue,* 123 A. S. R. 141.

*Fore et al.* v. *Cooper,* 34 S. W. 341, was a case where a practical barber employed another to assist him in his barber shop in the prosecution of his trade or profession and, where the sheriff had seized barber chairs, mirrors and tables, the court held that all the property seized was exempt.

We think that the only questions to be considered in a case of this kind are whether the goods seized were useful, convenient and usual to a barber's trade and hence necessary, and whether the goods seized, being all the tools and implements of the debtor, are less than the $300 fixed by the statute. It is evident that if the debtor had chosen to employ the money for tools and implements in the purchase of one or two expensive fixtures worth about $300, he would be protected. If instead of this he seeks to gain more money by increasing the number of his implements and tools for additional employees, he cannot, in claiming the exemption, be said to violate either the letter or the spirit of the statute. The mere duplication of articles, if they are of the useful and necessary character usual in a barber's trade, does not deprive them of their exempt character unless they exceed the amount limited by the statute. In this case the Municipal Court of Ponce heard the evidence and decided the question of whether they were useful and necesasry to the debtor's trade in favor of the debtor.

The appellees maintain that section 249 of the Code of Civil Procedure by its terms applies only to executions and

not to attachments to secure the effectiveness of the judgment. This would be a very narrow construction and in opposition to the apparent will of the Legislature that the debtor should be protected in his trade to the extent of $300 worth of tools and implements. The very entitling of the statute for the effectiveness of judgments appears to contradict this contention. The attachment is a security for the judgment which can be made effective only by execution following the judgment. The attachment is only effective for the amount of the judgment and the marshal executes the judgment when he satisfies the same with the proceeds of the goods already attached. When the marshal came to execute, the debtor might very well claim the attached goods as exempt, and if he can do it then we see no reason why he should not do it immediately, as was done in this case.

The appellees also present the theory that the property seized was not exempt by reason of the debt being money owing for the purchase of the alleged exempt property. Subdivision 12 of section 249 provides:

"No article or species of property mentioned in this section is exempt from execution issued upon a judgment recovered for its price, or upon a mortgage thereon."

This suit was not brought for the purchase price of the articles seized, but for an obligation contracted with the sureties to repay them for money advanced which the debtor chose to put into a barber shop. The fact remains that the obligation is for money borrowed from the bank which the sureties had to pay. The theory of the statute evidently is that a debtor may not purchase goods from a tradesman for the purpose of setting himself up in business and then refuse payment for the very articles purchased. Furthermore, there is no statement in the record that the $300, or any part of it, was spent in the purchase of the particular articles seized by the marshal.

The appellees also maintain that the dissolving of the attachment was .illegal because the officer who executed the order of the municipal court was a deputy marshal of the district court and not a marshal of the muni:cipal court. As long as the order of the court dissolving the attachment existed it does not seem to us that it makes much difference who notified the person with whom the goods were placed in custody. The attachment was dissolved by the order of the court and became effective immediately. The debtor thereby obtained a clear title to the attached goods, saving questions of appeal. There was no violation of procedure.

Perhaps the most fundamental question in this case, if not the most important matter of general interest, is whether the various contentions raised here with regard to the exemption of this property from execution could be treated in certiorari proceedings. An application was made to dissolve an attachment. The court entertained the application, heard proof on the same and decided the question in favor of the debtor. The very decision of the District Court of Ponce would have left some of the attached property in the hands of the debtor as exempt. The court's correct or incorrect weighing of the proof, while involving a matter of law, violated no principle of procedure or jurisdiction and hence, in accordance with our decisions, the writ of certiorari did not lie.

It is also urged by the appellants that at the time when the writ of certiorari was issued the judgment had already been executed and hence the writ did not lie. There is, perhaps, merit in this contention, but as the writ of certiorari must be quashed on various other grounds, we see no reason for discussing this additional question.

The judgment must be reversed and the writ of certiorari issued by the district court quashed.

*Reversed.*

Chief Justice Hernández and Justices del Toro, Aldrey and Hutchison concurred.