LAGUNA ET AL, PETICIONARIOS Y APELADOS, *v.* QUIÑONES, JUEZ
    MUNICIPAL, DEMANDADO, Y TRUJILLO, INTERVENTOR Y
    APELANTE.

APELACIÓN procedente de la Corte de Distrito de Ponce en un
    recurso de *certiorari*.

No. 1386.—Resuelto en enero 25, 1916.

EXENCIÓN DE EJECUCIÓN—HERRAMIENTAS O INSTRUMENTOS DE MECÁNICOS—BAR-
    BEROS.—Los efectos y enseres que ordinariamente se encuentran en una bar-
    bería necesarios para el oficio de barbero, estando éste considerado como un
    mecánico para ese fin, están exentos de ejecución de acuerdo con el artículo
    249 del Código de Enjuiciamiento Civil, siempre que el valor de los mismos
    no exceda de $300.

ID.—INTERPRETACIÓN DE ESTATUTOS.—Los estatutos que eximen de ejecución la
    propiedad mueble son reparadores por su naturaleza; su objeto es proteger
    al deudor y proporcionarle el medio de continuar su oficio y ganar así su
    subsistencia y la de su familia; y es regla general que deben ser interpre-
    tados liberalmente.

ID.—HERRAMIENTAS E INSTRUMENTOS—LIMITACIÓN DE LA EXENCIÓN—OPERARIOS
    Y APRENDICES.—La exención no está limitada meramente a las herramientas
    o instrumentos utilizados por el deudor en su oficio u ocupación, sino también
    a los usados por sus operarios y aprendices.

ID.—DUPLICACIÓN DE LAS HERRAMIENTAS E INSTRUMENTOS.—La mera duplicación
    de las herramientas e instrumentos si son de naturaleza útil, necesaria y
    corriente en el oficio u ocupación del deudor, no les priva del carácter que
    tienen de objetos que deben quedar exentos, a menos que su valor exceda
    de la suma de $300 fijada por el estatuto.

ID.—EJECUCIÓN DE SENTENCIAS—EMBARGO—ASEGURAMIENTO DE LA SENTENCIA.—
    El artículo 249 del Código de Enjuiciamiento Civil es aplicable tanto a la
    ejecución de sentencias como a los embargos para asegurar la efectividad de
    las mismas.

ID.—COBRO DEL VALOR O PRECIO DE LAS HERRAMIENTAS.—Cuando la acción no se
    establece para cobrar el valor o precio, o el importe de una hipoteca sobre
    los bienes embargados, sino por una obligación contraída con fiadores para
    ser éstos reembolsados del dinero tomado a préstamo que el deudor eligió
    emplear en herramientas o instrumentos de su oficio, no es de aplicación el
    párrafo 12 del artículo 249 del Código de Enjuiciamiento Civil.

ID.—LEVANTAMIENTO DE EMBARGO—PERSONAS AUTORIZADAS.—El hecho de que el
    levantamiento de un embargo se haga por un submárshal de una corte de dis-
    trito y no por el márshal de la corte municipal donde estaba pendiente el
    procedimiento, es inmaterial, y no infringe el procedimiento cuando dicho
    embargo es disuelto y tiene eficacia legal inmediatamente y el deudor ad-
    quiere un verdadero derecho sobre los efectos embargados.

CERTIORARI—EXENCIÓN DE PROPIEDAD—APRECIACIÓN DE LAS PRUEBAS—PROCEDI-
    MIENTOS—JURISPRUDENCIA.—No procede el auto de certiorari para revisar la
    resolución de una corte declarando exenta cierta propiedad del deudor, cuando

en apoyo de la solicitud la corte oyó la prueba presentada y resolvió la cuestión ya debida o indebidamente sin infringir ninguna regla de procedimiento o jurisdicción.

Los hechos están expresados en la opinión.

Abogado del interventor apelante: *Sr. Vicente Zayas Pizarro.*

Abogado de los peticionarios apelados: *Sr. R. Martínez Nadal.*

El Juez demandado no compareció.

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

Temístocles W. Laguna y Rafael Torres endosaron o garantizaron un vale a favor del deudor Antonio Trujillo por la suma de $300. El referido Trujillo hizo descontar dicho vale en el Banco de Ponce, e invirtió su producto en la compra de una barbería. Prometió pagar la deuda a los demandantes en plazos mensuales, pero no satisfizo ninguna parte de la misma y estando obligados los fiadores a pagar al banco establecieron una acción en la Corte Municipal de Ponce contra Trujillo en cobro de dicha cantidad. Para asegurar la efectividad de la sentencia los referidos fiadores embargaron un número de herramientas e instrumentos usados y empleados por el demandado en su barbería. El demandado presentó una moción para que se dejara sin efecto el embargo por el fundamento de que los efectos embargados estaban exentos de embargo y ejecución, por ser herramientas e instrumentos necesarios para el oficio del deudor.

La Corte Municipal de Ponce celebró una vista sobre la moción en cuyo acto cada una de las partes presentó su prueba, habiendo dictado la corte resolución a favor del deudor demandado. Entonces los demandantes en esa corte formularon una solicitud de *certiorari* en la Corte de Distrito de Ponce, alegando sustancialmente los hechos anteriores y además el hecho de haber sido levantado el embargo por una persona que no era el márshal de la referida corte municipal. El apelante Trujillo formuló excepción previa y contestó.

Creemos que la excepción previa basada en que la petición no aducía un fundamento para la expedición del *certiorari* estuvo bien formulada, pero se celebró un juicio ante la corte de distrito habiendo sido anulada la acción tomada por la corte municipal al dejar sin efecto el embargo. Como creemos que los méritos de la alegación están a favor del deudor, discutiremos las cuestiones que han sido planteadas, siguiendo algo el orden de su importancia.

Los efectos embargados eran espejos, sillas, tijeras, abanicos, maquinillas de cortar pelo, cepillos, lámparas, mesas, escritorios, toallas, instalación eléctrica y algunos otros objetos, todos de las clases y especies que ordinariamente se encuentran en una barbería. La alegación referente a la exención estaba fundada en el artículo 249 del Código de Enjuiciamiento Civil, el cual prescribe lo siguiente:

"Además del *homestead,* declarado exento por la Ley del *Homestead,* lo estarán asimismo de una orden de ejecución, los bienes que a continuación se mencionan, pertenecientes a cualquiera persona que en realidad resida en esta isla, salvo lo que especialmente dispusiere en contrario esta ley:

\*　　\*　　\*　　\*　　\*　　\*　　\*

"4. Las herramientas o instrumentos de un mecánico o artesano, necesarias para su oficio, cuyo valor no excediere de $300, trescientos dólares; \*　\*　\*."

El valor de los bienes embargados fué reconocido que era menor de $300.

En este caso no parece haber cuestión alguna de que los efectos embargados eran de la especie y clase tenidos generalmente como herramientas e instrumentos necesarios para el oficio de barbero, siendo considerado éste como un mecánico para este fin, parecer que está sostenido por las autoridades que luego citaremos; y se discute también la cuestión en la nota monográfica al caso de *Kilburn* v. *Demming,* 21 Am. Dec. 553. *Terry* v. *McDaniel,* 46 L. R. A. 561; *Spence* v. *Smith,* 121 Cal. 536. La corte de distrito no obs-

tante, basó su resolución en el hecho de que algunos de los efectos que el deudor alegó como necesariamente exentos, estaban duplicados o triplicados o en exceso; que el deudor podía desempeñarse con uno de cada clase, y, por tanto, que la corte municipal cometió error en dejar completamente sin efecto y disolver el embargo.

Se resolvió por la Corte Suprema de California en el caso de *In re Estate of L. McManus,* 87 Cal. 292, 10 L. R. A. 567, que los estatutos que eximen a la propiedad mueble de ejecución por venta obligatoria son reparadores por naturaleza y el objeto de los mismos es claramente proteger al deudor, proporcionarle el medio de continuar su oficio y ganar así su subsistencia y la de su familia. La regla general ahora es que tales estatutos deben ser interpretados en sentido liberal para llevar a efecto el propósito humanitario que tuvo en cuenta el legislador. No solamente se da a los estatutos una interpretación liberal, sino que se ha declarado que las palabras ''herramientas e instrumentos'' son aplicables a efectos que estarían excluídos por una estricta interpretación técnica. En el caso citado la corte examina los casos anteriores para establecer la clase de cosas que estarían exentas. Revisando las autoridades, en Massachusetts, por ejemplo, *Woods* v. *Keyes,* 96 Mass. 236, vemos que un reloj de pared, una estufa, una cortina, un jarro y un cubremesa usados y necesarios en el negocio de una modista fueron considerados como comprendidos en las herramientas, instrumentos y dependencias; e incidentalmente se dijo en dicho caso que una silla de barbero estaba excluída como utensilio. *Allen* v. *Thompson,* 45 Vt. 472. La idea de dar una interpretación liberal a los estatutos sobre exenciones ha sido observada generalmente. *Terry* v. *McDaniel,* 53 S. W. 732; 46 L. R. A. 559; *Smith* v. *McBryde et al.,* 173 S. W. 234; *Kirksey* v. *Rowe,* 114 Ga. 893, 88 Am. St. Rep. 65; *Nelson* v. *Fightmaster,* 4 Oklahoma 38, *In re Petersen,* 95 Fed. 418; *In re Hindman,* 104 Fed. 333, y algunos de los precedentes

casos hacen referencia con aprobación al caso de *In re Estate of McManus, supra.*

De conformidad con esta práctica liberal las cortes no han limitado al deudor a las meras herramientas que él pudiera usar, sino también a las usadas por su operario y aprendices. En uno de los primeros casos, el de *Dowling* v. *Clark,* 85 Mass. 570, quedaron exentas las herramientas cuando se usaban por la persona empleada por el deudor y no por el deudor mismo.

En el caso de *Daniels* v. *Hayward,* 5 Allen, 43 Am. Dec. 731, la corte expresa que sería una interpretación demasiado restringida de un estatuto humanitario y benéfico privar a los artesanos, cuyas ocupaciones apenas si pueden llevarlas adelante en absoluto y mucho menos con resultado provechoso sin la ayuda y auxilio de operarios y aprendices, de los medios necesarios para su ocupación, y en el referido caso se resuelve que la exención no está limitada necesariamente a las herramientas usadas por el artesano con sus propias manos.

En el caso de *Howard* v. *Williams,* 19 Mass. 80, la Corte se expresó en los términos siguientes:

"La exención no está limitada meramente a las herramientas usadas por los artesanos *con sus propias manos,* sino que comprende aquellas que por su *naturaleza y cuantía* son necesarias para que pueda seguir su debido negocio en una forma conveniente y ordinaria; * * *."

Otros casos en igual sentido general son los de *In re Slade's Estate,* 122 Cal. 434, 55 Pac. 158; *Smith* v. *McBryde et al.* 173 S. W. 234; y otros que han sido agrupados en la nota monográfica al caso de *Reeves* v. *Bascue,* 123 Am. St. Rep. 141.

*Fore et al.* v. *Cooper,* 34 S. W. 341, fué un caso en el cual un barbero experto empleó a otro para ayudarle en su barbería en la marcha de su oficio o profesión y en cuyo caso

el márshal había embargado sillas de barbero, espejos y me-
sas, y la corte resolvió que toda la propiedad embargada es-
taba exenta.

Creemos que la única cuestión que ha de considerarse en un
caso como el presente es si los bienes embargados eran útiles,
convenientes y usuales al oficio de barbero, y, por tanto, ne-
cesarios; y si siendo todas las herramientas e instrumentos
del deudor, los efectos embargados tienen un valor menor,
al de $300 fijado por el estatuto. Es evidente que si el deudor
hubiera preferido emplear el dinero para herramientas e
instrumentos en la compra de uno o dos objetos fijos de un
valor aproximado de $300, estaría protegido. Si en vez de
hacer esto pretende ganar más dinero aumentando el número
de sus instrumentos y herramientas para otros empleados,
no puede decirse al alegar la exención que infringe con ello
la letra o el espíritu del estatuto. La mera duplicación de
los objetos si son de la naturaleza útil y necesaria corriente
en el oficio de barbero, no les priva del carácter que tienen
de objetos que deben quedar exentos, a menos que exceda
de la suma fijada por el estatuto. En este caso la Corte
Municipal de Ponce oyó la prueba y resolvió la cuestión de
si eran útiles y necesarios al oficio del deudor en favor de
este último.

Los apelados sostienen que el artículo 249 del Código de
Enjuiciamiento Civil es por sus términos aplicable solamente
a las ejecuciones y no a embargos para asegurar la efecti-
vidad de la sentencia. Esta sería una interpretación muy
restringida y en oposición al deseo aparente de la legisla-
tura de que el deudor debe estar protegido en su oficio hasta
una suma de $300, valor de sus herramientas e instrumentos.
El título mismo de la ley sobre aseguramiento de sentencias
parece contradecir esta alegación. El embargo es una segu-
ridad para la sentencia que puede hacerse efectivo solamente
por ejecución después de la sentencia. El embargo es eficaz
solamente por la suma de la sentencia y el márshal ejecuta

la sentencia cuando la satisface con el producto de los efectos ya embargados. Cuando el márshal fué a ejecutar, el deudor muy bien podría alegar que los efectos embargados estaban exentos, y si entonces puede hacerlo, no vemos razón por la cual no lo hiciera inmediatamente como sucedió en este caso.

Los apelados también presentan la teoría de que esta propiedad embargada no estaba exenta, por razón de ser la deuda dinero debido por la compra de la propiedad que se alega como exenta. El párrafo 12 del artículo 249, prescribe lo siguiente:

"* * *. Ninguno de los objetos o clase de bienes mencionados en este artículo, está exento de orden de ejecución librada en virtud de sentencia, para el cobro de valor, precio, o del importe de una hipoteca sobre dichos bienes."

Esta acción no fué establecida para recobrar el precio de compra de los efectos embargados, sino por una obligación contraída con los fiadores para ser éstos reembolsados por dinero adelantado que el deudor eligió emplearlo en una barbería. Queda el hecho de que la obligación es por dinero tomado prestado en el banco y que los fiadores tuvieron que pagar. La teoría del estatuto es evidentemente que el deudor no debe comprar efectos de un comerciante con el fin de dedicarse a un negocio y luego negarse a hacer el pago de los mismos artículos comprados Además, los autos nada dicen de que los $300, o alguna parte de dicha suma fuera empleada en la compra de los efectos que precisamente fueron embargados por el márshal.

Los apelados también alegan que el levantamiento del embargo fué ilegal porque el funcionario que cumplimentó la orden de la corte municipal era un submárshal de la corte de distrito y no un márshal de la corte municipal. Mientras existiera la orden de la corte disolviendo el embargo no nos parece que establece mucha diferencia quién fué el que notificó a la persona a quien se dejaron los efectos bajo custodia.

El embargo fué disuelto por la orden de la corte y tuvo eficacia legal inmediatamente. El deudor adquirió, por tanto, un verdadero derecho sobre los efectos embargados, salvo las cuestiones de apelación. No hubo infracción alguna del procedimiento.

Tal vez si la cuestión más fundamental en este caso, si no la más importante y de interés general, es si las varias alegaciones promovidas en este caso respecto a la exención de esta propiedad de ejecución podían ser consideradas en un procedimiento de *certiorari*. Se presentó una solicitud para que se dejara sin efecto el embargo. La corte consideró dicha solicitud, oyó la prueba presentada en apoyo de la misma, y resolvió la cuestión a favor del deudor. La misma resolución de la Corte de Distrito de Ponce hubiera dejado parte de la propiedad embargada en poder del deudor por estar exenta. La apreciación que, ya debida o indebidamente, hiciera la corte de la prueba, si bien envuelve una cuestión de ley, no infringió ninguna regla de procedimiento o jurisdicción, y, por tanto, de acuerdo con nuestras decisiones, el auto de *certiorari* no procedía.

También se alega por los apelantes que en la fecha en que fué expedido el auto de *certiorari* ya había sido ejecutada la sentencia y, por tanto, que el auto no procedía. Hay quizás mérito en esta alegación, pero como el auto de *certiorari* debe ser anulado por otros varios motivos, no vemos razón alguna para discutir esta cuestión adicional.

Debe revocarse la sentencia y anularse el auto de *certiorari* expedido por la corte de distrito.

> *Revocada la sentencia apelada y anulado el auto de* certiorari *expedido.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro, Aldrey y Hutchison.