## Tobin et al. v. City of Wilkes-Barre.

*Thomas F. Farrell,* for plaintiffs; *Edwin B. Morgan,* for defendant.

VALENTINE, J., March 27, 1931.—The City of Wilkes-Barre, on February 4, 1924, adopted an ordinance reading as follows:

"An ordinance to provide for the licensing of transient retail merchants in the City of Wilkes-Barre, and providing a penalty for the failure to obtain such license.

"Section 1. Be it ordained by the City Council of the City of Wilkes-Barre, and it is hereby ordained by the authority of the same, that hereafter every person, whether principal or agent, entering into or beginning, or desiring to enter into or begin, a transient retail business in the City of Wilkes-Barre for the sale of any goods, wares or merchandise whatsoever, and who hires, leases or occupies a room, apartment, store, shop, building or other structure for the exhibition and sale of such goods, wares or merchandise, shall take out a license for the same from the city treasurer of the said city; provided, however, that nothing herein contained shall apply to farmers selling their own produce, or to any sale of goods, wares or merchandise donated by the owners thereof, the proceeds whereof are to be applied to any charitable or philanthropic purpose.

"Section 2. The amount of such license to be paid in the City of Wilkes-Barre is hereby fixed at $200 per month or fractional part thereof, to be paid to the treasurer of said city on or before the third day of each month. Said license shall be renewed monthly during the continuance of said sale, and upon failure of said person or persons so to secure such license, he, she or they shall be fined in the sum of not less than $100 nor more than $200, to be collected as other fines are by law collectible. And in default of payment of said fines, shall be imprisoned in the jail of said city for a period not exceeding thirty days.

"Section 4. This ordinance is declared to be urgent and necessary for the immediate preservation of the public peace, health and safety, and shall take effect and be in force from and after its passage and publication according to law.

"Section 5. That any and all ordinances, or parts of ordinances, conflicting with the provisions of this ordinance be and the same are hereby repealed."

The plaintiffs are engaged in the business of horticulture in the raising and selling of flowers and vegetables, and during Easter week, prior to this year, have sold their products at a temporary business place established in the City of Wilkes-Barre. They desire to continue this practice during Easter week of the present year and, in order that the necessity for their procuring a license may be determined, the parties have agreed upon a case stated, and requested the court to determine whether "that branch of horticulture embracing the raising and growing of flowers" is "a part or branch of the business of farming," or agriculture, and whether it is "the fair intent of such ordinance that persons engaged in the business of raising and growing flowers should be included as farmers and be exempt from the payment of the license fee prescribed by said ordinance." If such question shall be decided in the negative, each of the plaintiffs shall be liable to the defendant for the payment of the license fee provided for by said ordinance, if they desire to carry on the selling of their flower products in the city as heretofore; if answered in the affirmative, plaintiffs shall be exempt from the payment of such license fee and judgment is to be entered accordingly.

The ordinance exempts from its provisions "farmers selling their own produce."

Farming is the practice of agriculture as a business.

Agriculture is a generic term including the science and process of supplying human wants by raising products of the soil.

Horticulture is defined to be that department of the science of agriculture which relates to the cultivation of gardens or orchards, including the growing of vegetables, fruit, flowers or ornamental shrubs and trees.

In re Slade's Estate, 122 Cal. 434, 55 Pac. 158, the court said: "Webster defines a 'farmer' to be 'one who is devoted to the tillage of the soil; an agriculturist; a husbandman;' and 'farming' he defines to mean 'the business of cultivating land.' He defines 'husbandry' to mean 'the business of a farmer, comprehending the various branches of agriculture.' The followers of this ancient and honorable occupation may call themselves 'horticulturists,' or 'viticulturists,' or 'gardeners,' but they are farmers and their occupation is that of farming, as contemplated by the statute."

There can be no doubt that raising flowers is a branch of tilling the soil; and we think the plaintiffs are exempt from the provisions of the ordinance.

Judgment is entered in favor of the plaintiffs.

From Frank P. Slattery, Wilkes-Barre, Pa.