ALLRED et al. v. J. C. ENGELMAN, Inc.

No. 8897.

Court of Civil Appeals of Texas.
San Antonio.

Nov. 2, 1932.

Rehearing Denied Nov. 30, 1932.

James V. Allred, T. S. Christopher, and J. W. Wheeler, all of Austin, and Bryce Ferguson and D. C. Hogan, both of Edinburg, for appellants.

Kennedy Smith, of Edinburg, for appellee.

FLY, C. J.

This is a suit filed by appellee seeking to restrain appellants, James V. Allred, Attorney General of Texas, L. G. Phares, chief of the state highway patrol, and Bryce Ferguson, county attorney of Hidalgo county, from interfering with appellee in its use of its trucks on the public highways of the said county while engaged in hauling water to and distributing it upon a tract of land known as the Engelman Gardens; said land being the property of appellee and its vendees of portions of the land.

This is a second appeal of this case; the opinion on the first appeal being published in (Tex. Civ. App.) 40 S.W.(2d) 945. The appeal in that instance was prosecuted from an interlocutory order granting a temporary injunction, as prayed for.

The present appeal is from a judgment rendered by the court, upon an agreed statement of facts, in which the injunction was made permanent.

Appellee claims the right to use the highways in Hidalgo county without paying a license therefor, on the ground that it was authorized to do so by the provisions of article 6675a—1 (q), Vernon's Ann. Civ. St. The evidence showed that the corporation had owned a large tract of land. In article 6675a—2, it is provided that every owner of a motor vehicle, trailer, or semitrailer, used or to be used upon the highways of the state, shall each year apply to the highway department, through the county tax collector of the county of his residence, for the registration of each such vehicle owned or controlled by him, or for a chauffeur's license, but excepts from the provisions of the law owners of farm tractors, farm trailers, farm semitrailers, and implements of husbandry operated or moved temporarily upon the highway, provided that such vehicles are operated in conformity to all provisions of the law, except regulation as to registration and license, and it was also provided that the exemption shall not apply to farm trailers and semitrailers when used for hire.

No mention is made in the statute of the exception of farm trucks from the exemption from payment of license fee when used for hire. Trailers and semitrailers are fully defined, and are motorless vehicles that may be attached to a motorcar. They have no motor power, are not automotive. It is argued that this court should widen the provision of the statute so as to include the motive power of the trailers. This court, if it felt so disposed, has no authority to amend laws passed by the Legislature which may be deemed to be defective or ineffective. The law will be strictly confined to the use of trailers or semitrailers. The question of the trucks being used for hire is not raised by the evidence, and will not be deemed of importance. There were no trailers, and consequently the law did not have any reference to the case.

The law exempts from the payment of the license fees "farm tractors, farm trailers,

farm semi-trailers and implements of husbandry operated or moved temporarily upon highways." Farm implements are not tractors, trailers, or semitrailers, but form a separate and distinct class that are regulated as to their movement on the highways. Those implements must necessarily be articles that can be moved, or can move themselves on the roads and highways. The implements referred to could be plows, hoes, spades, saws, axes, or other such implements, because we cannot imagine them running along the highways or for that matter being often hauled thereon. Implements of husbandry is a broad term, and must include every machine, tool, or implement used to advance farming interests and prosperity. Those implements were intended by the Legislature to cover and include things not described as trailers, semitrailers, or tractors, and must necessarily be objects that could move along the highway. They would include wagons, trucks, and other automotive vehicles. If the vehicles mentioned were the only ones which a farmer could use on the roads, he would be precluded from the use of vehicles which would transport his cotton, his corn, his wood, his wheat, and his oats to market. We conclude that the exemptions in the law were enacted for the purpose of lifting the burdens of taxation from the farmers, who are usually home builders and taxpayers, and of placing such burdens on those who pay little or no taxes and who use and wear out the roads and increase the taxation imposed on those who pay the taxes. The statute must be liberally construed to effectuate its purposes and designs. Without the right to use the highways in all ways necessary to the development of agriculture, the already handicapped, tax-burdened farmers would have heavier burdens. Implements and utensils of husbandry exempt to a farmer are not confined to the tools used by the farmer in any one branch of farming, but all his necessary tools used in diversified farming are exempt. In re Slade's Estate, 122 Cal. 434, 55 P. 158. We think the rule enunciated by the California court is reasonable and correct.

■■ The facts of this case indicate that water was absolutely essential for the preservation of the citrus trees planted on the land owned by appellee and its vendees, and, in the absence of reservoirs and pipes, or irrigating plants, the water could be placed on the trees only by hauling it to them in water tanks on trucks. We hold that the trucks in hauling the water to the citrus trees could well come within the meaning and intent of "implements of husbandry," and consequently were not subject to the tax demanded. The exemption was intended for the protection of farms and farmers, and must not be so construed as to defeat and destroy the beneficent purposes for which it was created. The nar-

row construction sought to be placed upon the statute by appellants would rob it of all the aid and assistance intended to be extended to the farming community. It would hamper them in conveying their cotton to gins, and thence conveying the baled lint and seed to market, and in drouths would prevent the preservation of trees and plants by hauling water to them. The farmer is extended no extra privilege by the exemption, but it is merely an extension to him of rights earned by his essential services to the state, and the payment of taxes to aid in constructing and maintaining the roads of the state. His use under the terms of the exemption would not be merely sporadic and uncertain, but would extend to and include all times necessary to protect and preserve the crops.

No valid reason has been advanced for a change of opinion from that given on the former appeal, and a second and full consideration of the statute confirms us in the former decision. The law could have been rendered plainer, as could many of our laws, by the use of plain, simple language, instead of rather absurdly legislating about trailers, which cannot move themselves, rather than automobiles and trucks which furnish the motive power. The Legislature intended protection to the farmer, and we will construe the language to effect that purpose.

The judgment is affirmed.