

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

April 7, 1960

Honorable Glyndon M. Hague
County Attorney
Cleburne, Texas

Opinion No. WW - 824

Re: Whether a farmer hauling live-
stock to market in his unlicensed
trailer, returns the same live-
stock to his farm, would be viola-
tion of Article 6675a-2, V. C. S.

Dear Mr. Hague:

We quote your letter of February 26, 1960, in part as follows:

"This is a request for an opinion of your office con-
cerning Article 6675a-2 of the Revised Civil Statutes of the
State of Texas relating to the registration of motor vehicles
and trailers.

"This Article provides that the owners of farm trailers
operated or moved temporarily upon the highways shall not be
required to register such farm trailer, provided such farm
trailers are operated in conformity with all provisions of the
law and providing further that such exemption shall not apply
to farm trailers weighing in excess of 4,000 pounds and used
for hire.

"The questions I wish to submit are these: (1) If a
farmer used his unlicensed trailer to haul livestock to market
and because of an unfavorable market returns same livestock
to his farm, is he in violation under Article 6675a-2, V. C. S.?
(2) If a farmer uses his unlicensed trailer to haul farm produce
to market, markets same, then as an incident to this trip to
town, is he in violation of Article 6675a-2, V. C. S. if he hauls
products back to the farm for use in the production of agricul-
tural products?"

Our answers to both of your questions are "No".

Article 6675a-2, V. C. S. as amended reads, in part:

> "Owners of farm tractors, farm trailers, farm semi-
> trailers . . . operated or moved temporarily upon the high-
> ways shall not be required to register . . . that the exemptions
> in this Section shall not apply to any farm trailer or farm semi-
> trailer when the gross weight exceeds four thousand (4,000)
> pounds, . . . ."

Article 6675a-1, V. C. S., paragraph "q", reads as follows:

> "By 'operated or moved temporarily upon the high-
> ways' is meant the operation or conveying between different
> farms, and the operation or conveyance from the owner's
> farm to the place where his farm produce is prepared for mar-
> ket or where same is actually marketed and return." (Em-
> phasis added).

While the law generally construes an exception to a revenue statute strictly against the person claiming same, the cases construing Article 6675a-2 have given it a liberal construction. In Texas Highway Department, et al. v. Kimble County, et al., 239 S. W. 2d 831, Court of Civil Appeals, writ refused N.R.E. the Court stated, "such article is, therefore of a penal nature and must be construed most favorable to the owner of the vehicle." Again in Allred, et al. v. J. C. Engleman, Inc., Court of Civil Appeals, 54 S. W. 2d 352, affirmed by the Supreme Court in 61 S. W. 2d 75, the Court said "the statute must be liberally construed to effectuate its purposes and designs."

The statute in question being of a penal nature requires "the act which is claimed to be a violation of penal law must be fairly within its terms to sustain an action for the penalty", Thompson v. Missouri, K & T Ry. Co. of Tex., (Sup. Ct. of Tex.) 126 S. W. 257.

Under the liberal interpretation given Article 6675a-2, V. C. S. by the courts and due to the words "and return" (see underlined words in Article 6675a-1 above) we do not feel that the legislature intended that a farmer using his unlicensed trailer, not exceeding the weight limitations imposed by law, and proceeding le-gally to a certain point, should be required to return empty , but would have the authority to haul products back to the farm to be used thereon.

As the Court stated in Petroleum Casualty Co. v. Williams (Commission of Appeals) 15 S. W. 2d 553, at page 556:

> " . . . This construction of the statute is in harmony

with logic and sound economic principles, and such may be looked to in construing the intent and purpose of the statute, . . . ."

## SUMMARY

A farmer may use his unlicensed trailer to haul livestock to market and because of unfavorable market conditions may return same livestock to his farm under the provisions of Articles 6675a-1, V. C. S., paragraph "q" and 6675a-2, V. C. S. provided the weight limitation therein is not exceeded. Also, a farmer using his unlicensed trailer to haul farm products to market in compliance with the above-mentioned statutes may haul products back to the farm to be used thereon, providing products hauled back do no exceed the above-mentioned weight limitation.

Respectfully submitted,

WILL WILSON
ATTORNEY GENERAL OF TEXAS

BY

JOHN C. PHILLIPS
Assistant Attorney General

APPROVED

OPINION COMMITTEE

Wm. V. Geppert

Iola Wilcox
F. C. Jack Goodman
Jerry H. Roberts

REVIEWED FOR THE ATTORNEY GENERAL
BY:
    Leonard Passmore