## IN THE MATTER OF THE ESTATE OF L. M. McMANUS, AN INSOLVENT DEBTOR.

EXEMPTION FROM EXECUTION — REMEDIAL STATUTES — CONSTRUCTION. — Statutes exempting personal property from execution are remedial in character, and are to be liberally construed, as being intended to protect the debtor, and enable him to follow his vocation, so as to earn a support for himself and family.

ID. — IMPLEMENTS — TOOLS — CONSTRUCTION OF CODE. — The term "implements," as used in subdivision 4 of section 690 of the Code of Civil Procedure, which provides that " the tools or implements of a mechanic or artisan necessary to carry on his trade " shall be exempt from execution, has a broader signification than the term " tools," and includes any instrument needed and used for the purpose of carrying on his trade or business.

ID. — JEWELER'S SAFE — INSOLVENCY. — A jeweler's safe owned and used in the business of a jeweler and watch-repairer is exempt from execution, and should be set apart as such to him in proceedings in insolvency.

APPEAL from an order of the Superior Court of Ventura County setting apart to an insolvent debter certain property as exempt from execution.

The facts are stated in the opinion.

*George A. Rankin,* and *Blackstock & Shepherd,* for Appellants.

*Barnes & Selby,* for Respondent.

BELCHER, C. C.— The respondent, L. M. McManus, was engaged in the business of a jeweler and watch-repairer, and while so engaged was adjudged to be an insolvent debtor. He owned and used in his business a jeweler's safe, which the court, against the objections of certain creditors, set apart to him as property exempt from execution.

The objecting creditors and the assignee of the estate appeal from the order, and contend that it was not authorized by law, and should therefore be reversed.

At the hearing, the respondent was called as a witness,

and "testified, in substance, that he was a jeweler and watch-repairer, and is engaged in that trade or business as a means of support for himself and family, and that without the use of said safe said business cannot be prosecuted by him to any profitable end; that it is a necessary and useful article in conducting said business; that without the use of said safe his customers would not leave their jewelry and watches with him to be repaired." Another witness was also called, and testified: "That he is a practical watch-maker and jeweler; that a safe similar to the one mentioned is an article without which the business of jeweler and watch-maker and watch-repairer cannot be prosecuted to any profitable end, and that such a safe is a necessary and useful article in carrying on the business of a jeweler and watch-repairer; that without the use of such a safe very few customers will leave their jewelery or watches with the artisan to be repaired."

This was all the testimony offered, and upon it the court made its findings and order as follows: "That the said safe is an article without the aid of which the business of petitioner as jeweler and watch-maker cannot be prosecuted to any profitable end, and that said safe is necessary to and in actual use by the petitioner in prosecuting his said business. Wherefore it is hereby ordered that the said safe be set apart, and that the same is hereby set apart, for the use of said insolvent debtor, and that the same shall not be subject to be applied to the payment of his debts."

Section 60 of the Insolvent Act makes it the duty of the court having jurisdiction of insolvency proceedings to exempt and set apart for the use and benefit of the insolvent such real and personal property as is by law exempt from execution. And section 690, subdivision 4, of the Code of Civil Procedure provides that "the tools or implements of a mechanic or artisan necessary to carry on his trade" shall be exempt from execution.

Statutes exempting personal property from forced sale are remedial in character, and are evidently intended to protect the debtor, and enable him to follow his vocation, and thus earn a support for himself and family. The general rule now is, that such statutes are to be liberally construed, so as to effectuate the humane purpose designed by the law-makers, and our Code of Civil Procedure declares that all of its provisions are to be so construed, "with a view to effect its objects, and to promote justice." (Sec. 4.)

It is difficult to define accurately the word "implements," and the courts, so far as we are advised, have never attempted to define it. Webster gives as the meaning of the word, "Whatever may supply a want; especially an instrument or utensil as supplying a requisite to an end; as the implements of trade, of husbandry, or of war"; and "utensil" he defines as "that which is used; an instrument; an implement; especially an instrument or vessel used in a kitchen, or in domestic and farming business." By the courts, these words are accorded a broad signification, and under them many things have been exempted which are not tools.

Thus in the state of Kansas, under a statute exempting "the necessary tools and instruments of any mechanic, miner, or other person used and kept for the purpose of carrying on his trade or business," it has been held that an insurance agent and abstractor of titles could claim as exempt an iron safe and set of abstracts which were used and kept by him for the purpose of carrying on his business. (*Davidson* v. *Sechrist*, 28 Kan. 324.) And the same rule has been applied to a printing-press, type, and other articles used in publishing a newspaper. (*Bliss* v. *Vedder*, 34 Kan. 59; 55 Am. Rep. 237.)

In Illinois, it has been held that a piano used by a music-teacher, and upon which she relied for support, was within the law exempting "furniture, tools, or im-

plements necessary to carry on his or her trade or business." (*Amend* v. *Murphy*, 69 Ill. 337.)

In Massachusetts, a clock, stove, screen, pitcher, and table-cover used and necessary to carry on the business of a milliner have been held to be included in "tools, implements, and fixtures." (*Wood* v. *Keyes*, 14 Allen, 236.) So, also, a sewing-machine. (*Rayner* v. *Whicher*, 6 Allen, 294.)

In Vermont, a barber's chair has been held exempt as a tool. (*Allen* v. *Thompson*, 45 Vt. 472.)

In this state it has been held that an expensive thrashing outfit was not exempt under the statute exempting "the farming utensils or implements of husbandry of the judgment debtor"; but this was upon the ground that the outfit was principally used in thrashing grain raised by other persons for hire. (*In re Baldwin*, 71 Cal. 74.)

Other cases bearing upon the question might be cited; but we think it sufficient to refer to Freeman on Executions, 2d ed., sections 226, 226 a, and to 7 American and English Enclyclopædia of Law, page 135, in both of which works the authorities are very fully collated and reviewed.

In view of the testimony submitted in this case, and the authorities above cited, we see no error in the ruling of the court below, and we therefore advise that the order appealed from be affirmed.

Hayne, C., and Vanclief C., concurred.

The Court. — For the reasons given in the foregoing opinion, the order appealed from is affirmed.