[No. 15351.   Department One.—May 29, 1894.]

### In the Matter of W. L. MITCHELL in Insolvency.

Exemption From Execution—Implements of Artisan—Printing Establishment—Question of Fact—Necessity to Carry on Trade.—The statute exempts from execution only such tools or implements of a mechanic or artisan as are necessary to carry on his trade, and not all that he may have acquired and used in his business; and whether the manager of a printing establishment, consisting of four printing-presses (three of which were operated by steam), a miscellaneous assortment of type, a paper-cutting machine, and the general paraphernalia of a printing-office, costing in the aggregate three thousand five hundred dollars, can claim the whole plant as exempt, upon the ground that the whole of it is necessary to carry on his trade, is a question of fact to be submitted to a jury under proper instructions as to the law, and a verdict against such claim of exemption cannot be disturbed for want of evidence to support it, where there is evidence to show that a practical printer can make a living with one press and five hundred or six hundred dollars' worth of type.

Appeal from an order of the Superior Court of the City and County of San Francisco denying a new trial.

The facts are stated in the opinion.

*John Flournoy*, for Appellant.

*George A. Rankin*, for Respondents.

Belcher, C.—This is a proceeding in involuntary insolvency. The petition of the creditors alleged that on the eighteenth day of June, 1892, W. L. Mitchell made a transfer to certain persons of his property, consisting of a printing plant, type, printing materials, etc., with intent to delay, defraud, and hinder his creditors, and that he was about to depart from this state with intent to defraud his creditors. The answer of Mitchell

admitted that he sold the property to the persons named, but denied that he sold the same with intent to delay, defraud, or hinder his creditors; denied that he was about to depart from the state with intent to defraud his creditors; and alleged that the property sold was exempt from execution.

The case was tried before a jury, and, in accordance with the issues raised by the pleadings, three special issues were submitted for decision. The jury found that Mitchell did make the transfer of his property with intent to delay, defraud, and hinder his creditors; that the property transferred was not exempt from execution; and that at the time the petition was filed he was not about to leave the state with intent to defraud his creditors.

A decree was accordingly entered adjudging Mitchell to be an insolvent debtor, and ordering him to file in court the schedule and inventory provided for in the insolvent act. He thereupon moved for a new trial, which was denied, and now prosecutes this appeal from the order denying his motion.

The only specifications found in the statement are to the effect that the verdict was not justified by the evidence, because it appeared therefrom that the property transferred was exempt from execution. Under these specifications the questions as to whether the property was owned by Mitchell, and was transferred with intent to hinder and delay his creditors, cannot be considered, as all objections other than those specified are deemed to be waived.

The sole question then is, was the property exempt from execution? The property consisted of four printing-presses, a miscellaneous assortment of type, a paper-cutting machine, chases, rules, leads, and the general paraphernalia of a printing-office.

Three of the presses were operated by steam, and the machinery was run by shafts, belts, and pulleys. There was also an iron safe, which cost one hundred dollars, and the total cost of the plant was three thousand five

hundred dollars.    Mitchell was not himself a practical
printer, typesetter, pressman, or machinist, but he was
the manager of the printing establishment, and em-
ployed a foreman, and sometimes a dozen typesetters
and machinists, the number depending upon the amount
of work on hand.    He testified that "Every bit of the
material, machinery, type, etc., which I sold . . . . was
absolutely necessary to the business which I was carry-
ing on."    On the other hand N. C. Hawks testified that
he had been a practical printer for eighteen years, and
that a printer could get along and make a living with
one press and five hundred or six hundred dollars' worth
of type.

The statute declares that "the tools or implements of
a mechanic or artisan necessary to carry on his trade"
are exempt from execution.    (Code Civ. Proc., sec. 690,
subd. 4.)    Conceding that Mitchell was a mechanic or
artisan within the meaning of this section, and that the
printing-presses operated by steam, paper-cutting ma-
chine, etc., may be regarded as the tools or implements
of a printer, still the statute exempted only such tools
or implements as were *necessary* to carry on his trade,
and not all that he may have acquired and used in his
business.

Whether, therefore, the whole plant was exempt or
not was a question of fact which was, by the court, very
properly submitted to the jury under instructions that
stated the law bearing on the subject very clearly and
fully.    The jury found against the contention of appel-
lant, and, in our opinion, the verdict cannot be disturbed
for want of evidence to support it.

The order appealed from should be affirmed.

SEARLS, C., and TEMPLE, C., concurred.

For the reasons given in the foregoing opinion, the
order appealed from is affirmed.

HARRISON, J., GAROUTTE, J., VAN FLEET, J.