[No. 15096. Department Two.—August 10, 1893.]

IN THE MATTER OF J. C. ROBB, AN INSOLVENT DEBTOR.

INSOLVENCY—EXEMPTION FROM EXECUTION—LATHES OF MACHINIST.—A lathe and appliances costing about two hundred and fifty dollars, and used for shaping wood or metal, which are necessary to a mechanic and machinist in carrying on his business, is a tool, and may be properly set apart to him in insolvency proceeding as exempt from execution.

ID.—EMPLOYMENT OF JOURNEYMAN—MANUFACTURE OF MACHINERY.—The fact that a journeyman mechanic or machinist can get employment with a manufacturer who will supply the implement does not prove that a lathe is not necessary to the trade; and the fact that the debtor manufactures machinery with the lathe is not material where he uses it himself and does not employ others to use it.

APPEAL from an order of the Superior Court of the City and County of San Francisco, setting aside as exempt from execution certain property of an insolvent.

The facts are stated in the opinion.

*H. H. Lowenthal,* for Appellant.

The property set aside was not a tool, and *not necessary* for said insolvent *to carry on his trade.* (*Stanton* v. *French,* 91 Cal. 274; 25 Am. St. Rep. 174; *In re Baldwin,* 71 Cal. 74.)

*James P. Langhorne,* for Respondent.

The order setting aside the lathe and accompanying tools was proper. (*In re McManus,* 87 Cal. 292; 22 Am. St. Rep. 250; *In re Bowman,* 83 Cal. 153.)

TEMPLE, C. — This is an appeal by an assignee in insolvency from an order made on the petition of the insolvent setting aside as exempt from execution a lathe and certain appliances used in running the lathe.

The insolvent is a mechanic and machinist.

Section 690 of the Code of Civil Procedure provides: "The following property is exempt from execution. . . . .

"4. The tools or implements of a mechanic necessary to carry on his trade," etc.

It is contended that a lathe is not a tool or implement required by a mechanic, and evidence was given to the effect that a journeyman machinist when working for others is not usually required to provide an implement of that character. This evidence tended simply to show that such a tool or implement is not necessary for a mechanic who is a machinist while employed as a journeyman; but the law does not require that a mechanic shall be employed as a journeyman in order to be entitled to the exemption. Nor is the phrase "necessary to carry on his trade" used in such strict sense that because some journeyman machinist *can* get employment with a manufacturer who will supply the implement, therefore it is not necessary to the trade within the meaning of the statute.

The implement in question, according to the testimony of the claimant, was necessary to carry on his business as a mechanic and machinist, and is a tool used for shaping wood or metal, cost about two hundred and fifty dollars, was run by man power, one man easily turning it, and was a tool ordinarily and necessarily used by mechanics and machinists in their trade.

Appellant also contends that the insolvent was a manufacturer and not a mechanic. The insolvent testified that he used

the lathe to manufacture machinery. What machinery he manufactured or upon what terms is not shown. He did not employ others to use the tool or implement in manufacturing. It was used by himself. Many mechanics who would be clearly entitled to the exemption are manufacturers; tailors, for instance. Suppose he was doing piece-work for some establishment? In such case I see no reason why he would not be as clearly a mechanic as a journeyman who worked in the establishment and had such tools supplied by the manufacturer.

I think the order should be affirmed.

VANCLIEF, J., and HAYNES, C., concurred.

For the reasons given in the foregoing opinion, the order is affirmed.

McFARLAND, J., DE HAVEN, J., FITZGERALD, J.