## In re PETERSEN.

(District Court, N. D. California. July 6, 1899.)

### No. 2,925.

BANKRUPTCY—EXEMPTIONS—TOOLS OF ARTISAN.

Where the statute of the state (Code Civ. Proc. Cal. § 690) exempts from execution "the tools or implements of a mechanic or artisan necessary to carry on his trade," a bankrupt baker may claim, and have set apart to him as exempt under the bankruptcy act, the implements used by himself and his journeymen assistants in carrying on the business of a bakery, and reasonably necessary thereto.

In Bankruptcy.

Samuel Rosenheim and F. C. Mosebach, for bankrupt.

DE HAVEN, District Judge. The certificate of the referee shows that, in the course of proceedings before him in said cause, the following question arose:

"The bankrupt herein claimed the following articles as exempt, under sections 6 and 47 of the bankruptcy act, and section 690 of the Code of Civil Procedure of the state of California, to wit, 50 bread pans, 4 bread peals, 45 dozen molds for bread and cakes, 30 bread boxes, 2 long benches, 1 square bench, 1 square table, 2 triangles for mixing dough, 4 bowie knives, 1 table knife, 2 sieves, 1 lot ornamenting tools, 2 bread scales with weights, 3 scrapers, 2 trainers, 2 yeast barrels, 2 big stone jugs, 40 bread boards, 3 wooden bowls, 3 rolling pins, 2 doughnut kettles with grates. The testimony of the bankrupt showed that he is a baker, and carried on business as such in this city until adjudicated a bankrupt; that he employed a number of workmen, journeymen bakers, who worked in the shop with the bankrupt, and used the various articles claimed as exempt. The bankrupt also testified that, if his claim was approved, he expected to go into business again as a baker, and that he would again employ workmen to assist him, and who would use these identical articles. The testimony of the bankrupt also showed that journeymen bakers

95 F.—27

carried no tools or implements with them, nor were they expected to provide them when employed."

The bankrupt's claim for exemption was resisted by the trustee, and, upon the foregoing testimony, the referee found that the articles above described "were not the tools or implements of a mechanic or artisan," and made an order denying the bankrupt's claim to exemption, and the question of the correctness of this ruling has been certified to the judge of this court for his opinion. ·

Subdivision 4 of section 690 of the Code of Civil Procedure of this state provides that "the tools or implements of a mechanic or artisan necessary to carry on his trade" are exempt from execution. The supreme court of California, in construing this section in Re McManus' Estate, 87 Cal. 292, 25 Pac. 413, said:

"Statutes exempting personal property from forced sale are remedial in character, and are evidently intended to protect the debtor, and enable him to follow his vocation, and thus earn a support for himself and family. The general rule now is that such statutes are to be liberally construed, so as to effectuate the humane purpose designed by the lawmakers, and our Code of Civil Procedure declares that all of its provisions are to be so construed 'with a view to effect its objects and to promote justice.' Section 4."

In accordance with this rule, it was held in that case that a jeweler's safe owned by the debtor, and used in his business as a jeweler and watch repairer, was exempt from execution as an implement of his trade.

Following the construction placed upon section 690 of the Code of Civil Procedure in the case just cited, I am of the opinion that the bankrupt was, at the date of his adjudication as such bankrupt, an artisan, carrying on his trade, within the meaning of the law, and is therefore entitled to have the articles claimed by him set apart as exempt. The fact that journeymen bakers carry no tools or implements with them, and are not expected to provide such when employed, does not affect the question involved here. This was expressly decided in Re Robb, 99 Cal. 202, 33 Pac. 890. The court in that case said:

"It is contended that a lathe is not a tool or implement required by a mechanic, and evidence was given to the effect that a journeyman machinist, when working for others, is not usually required to provide an implement of that character. This evidence tended simply to show that such a tool or implement is not necessary for a mechanic who is a machinist while employed as a journeyman, but the law does not require that a mechanic shall be employed as a journeyman in order to be entitled to the exemption."

The articles claimed here are of small value, and it cannot be assumed that any one of them is not necessary for the use of the bankrupt in following his occupation as a baker, simply because he may have employed others to assist him in the use of such articles.

Under a statute of Massachusetts, the tools of a debtor "necessary for his trade or occupation" were exempted from execution; and, in construing this statute, the supreme court of that state in Howard v. Williams, 2 Pick. 80, used this language:

"The exemption is not limited merely to the tools used by the tradesman with his own hands, but comprises such, in character and amount, as are necessary to enable him to prosecute his appropriate business in a convenient and

usual manner, and the only rule by which it can be restricted is that of good sense and discretion in reference to the circumstances of each particular case. It would be too narrow a construction of a humane and beneficial statute to deny to tradesmen, whose occupation can hardly be prosecuted at all, much less to any profitable end, without the aid of assistants, as journeymen and apprentices, the necessary means of their employment."

. So, also, under the statute of this state, the tools and implements which may be properly claimed by an artisan, as necessary in carrying on his trade, are not in all cases limited to such only as he personally uses while so engaged, but may include tools and implements used by others whom it is reasonably necessary for him to employ to assist him in his work, in order that the same may be prosecuted conveniently, and in the usual or ordinary way in which the business of such trade is conducted. Of course, under such an interpretation of the statute, it must be understood that a baker would not be entitled to utensils and implements in number sufficient to carry on an extensive business, in the prosecution of which his own labor would be relatively a small factor, and of little value, when compared with the capital invested or the labor of others employed therein. The question whether the tools and implements claimed by a mechanic or artisan as exempt are "necessary to carry on his trade" is one of fact, and is to be determined upon common-sense principles, in view of the circumstances of the particular case in which the claim for exemption is made. In the testimony reported by the referee, the business carried on by the bankrupt is described as that of a baker; that is, as I understand the testimony, the bankrupt was engaged in following the ordinary occupation of a baker on his own account, and not as a journeyman. If so, the tools and implements necessary to enable him to carry on his trade are exempt, notwithstanding the fact that he may have employed others to assist him in doing the work incident to the bakery conducted by him. The articles claimed as exempt are stated in the schedule accompanying the debtor's petition to be adjudged bankrupt as of the value of $100, and, in my opinion, they may be said to be reasonably necessary for his use in following the trade of a baker. Certainly, they are not so great in number as clearly to justify a finding that any one of them is unnecessary for such a purpose, within the meaning of the statute.

My conclusion is that the ruling of the referee should not be sustained, and the trustee is directed to set apart to the bankrupt, as exempt, the articles hereinbefore described.