### In re ROBINSON.

(District Court, D. Idaho, N. D. June 19, 1913.)

1. BANKRUPTCY (§ 396*)—EXEMPTIONS—TOOLS AND APPLIANCES—ELECTRIC MOTOR—LATHE—"IMPLEMENTS."

Where a bankrupt was a polyartist and used an electric motor and a lathe in his business, they were properly regarded as "implements" within Idaho Rev. Codes, § 4480, exempting the tools or implements of a mechanic or artisan necessary to carry on his trade not exceeding $500 in value.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 659–668; Dec. Dig. § 396.*

For other definitions, see Words and Phrases, vol. 4, pp. 3424–3426.]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. BANKRUPTCY (§ 396*)—EXEMPTIONS—STATUTES—CONSTRUCTION—TOOLS OR IMPLEMENTS.

Idaho Rev. Codes, § 4480, provides that the tools or implements of a mechanic or artisan necessary to carry on his trade not exceeding $500 in value are exempt from execution. *Held*, that where a bankrupt was a polyartist, and had tools appropriate to blacksmithing, carpentering, and electrical work, all of which he used in his business, he was not limited to the selection as exempt of tools and appliances applicable to a single trade, but was entitled to select as exempt tools and appliances without reference to the trade to which they were applicable, so long as their value in gross did not exceed the statutory limit.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 659–668; Dec. Dig. § 396.*]

In Bankruptcy. In the matter of bankruptcy proceedings of J. L. Robinson. The referee set aside certain personal property of the bankrupt as exempt under the state law, and the trustee files a petition to review. Affirmed.

Whitla & Nelson, of Cœur D'Alene, Idaho, for trustee.
McFarland & McFarland, of Cœur D'Alene, Idaho, for bankrupt.

DIETRICH, District Judge. By this proceeding the trustee in bankruptcy seeks the review of an order made by the referee on the 24th day of April, 1913, setting aside certain personal property of the bankrupt as exempt under and by virtue of section 4480 of the Idaho Revised Codes. By this provision of the statute "tools or implements of a mechanic or artisan necessary to carry on his trade, not exceeding in value the sum of five hundred dollars" are exempt from execution. The property described in and set aside by the order consists of a large number of different articles of personal property, some of them being tools or appliances generally used by blacksmiths, and some of them being more particularly required by electricians, and others being more commonly used by carpenters, and still others relating to various trades, and some being in common use in several callings.

[1] Among the articles are an electric motor, and a lathe, which, because of their size and character, it is contended by counsel for the trustee should not be classed as "tools" or "implements"; but while it is impossible to lay down any general rule on the subject, and it is sometimes difficult to distinguish between a tool or implement upon the one hand and a machine upon the other, I am inclined to think that under the circumstances, and considering the purpose for which they are used by the bankrupt, together with their size and character, they may properly be classed as "implements" under the statute. In re Robb, 99 Cal. 202, 33 Pac. 890, 33 Am. St. Rep. 48.

[2] But the point most earnestly urged is that, under the statute, a debtor must confine his claim of exemption to tools or implements designed for and used only in one distinct, specialized trade or calling, and that, therefore, the bankrupt here cannot claim as exempt blacksmith tools, and carpenter tools, and electrical tools, but he must elect between the several trades, and confine his claim to those used in the

one so chosen. It is not pretended that the Supreme Court of the state has ever construed the statute in this respect, and, moreover, there are apparently very few, if any, reported decisions from other states involving the precise point. There are cases which hold, and properly, I think, that where, by the exemption statute, the tools or implements pertaining to any given trade are specifically named and expressly exempted, or where tools or implements in any specified trade, of a prescribed maximum value, are exempted, the debtor must confine his claim to the one trade; or, in other words, to one class of exemptions. He cannot claim exemptions to the full value allowed by the statute in more than one class. But such cases are to be distinguished from that presently under consideration. The statute does not prescribe that certain specified tools of a blacksmith, or of a carpenter, or of an electrician, are exempt, or that a carpenter may claim exemptions to the amount of $500, and a blacksmith may claim exemptions to a like amount. Nor is the bankrupt here insisting upon more than one exemption. He is not claiming $500 worth of tools as a blacksmith, and another $500 worth as a carpenter, and still another $500 worth as an electrician. The aggregate value of all of the exemptions for which he asks does not exceed $500; he is therefore claiming but a single exemption, in a single class, and undoubtedly his claim is within the spirit of the law. The statute under consideration provides certain exemptions for farmers, but these constitute an entirely distinct class. As another class it prescribes exemptions for miners, and as still another class certain specific exemptions are allowed to a drayman or truckman. Doubtless a debtor cannot claim exemptions in different classes, but the articles which were here allowed by the referee as exempt, while pertaining to different trades, all fall within one class: they are the tools or implements of a mechanic or artisan. That being the case, no cogent reason is apparent for compelling the debtor to make the election insisted upon by the trustee. So far as appears, the debtor was actually using all of the tools or implements as an artisan or mechanic in making his living. He was in the general repair business, a "jack of all trades," as he put it, and naturally required a great variety of tools; but such a trade or calling is quite as legitimate, and perhaps no less useful to society, and possibly quite as efficient as a means of earning a livelihood for the debtor and his family, as is a trade or calling more highly specialized. Suppose that in a small community, where there is not a sufficient amount of either carpenter's work or painting to engage all of the time of one man, a mechanic qualifies himself to render efficient service both as a carpenter and a painter, and purchases the necessary tools and appliances for carrying on both lines of work, and in fact follows both trades, and depends for his livelihood upon his earnings in both; is there any reason either in the spirit or in the letter of the statute, when fairly construed, why he should not be permitted to claim as exempt, up to the value of $500, the tools of both callings? None is apparent; but that is substantially the case here.

It is accordingly thought that the referee's order was proper, and it will be affirmed.