[Civ. No. 1621.   Second Appellate District.—October 27, 1916.]

DEVELOPMENT BUILDING COMPANY (a Corporation), Appellant, v. F. B. WOODRUFF, Respondent.

ATTACHMENT—ORDER RELEASING LEVY—EXEMPT PROPERTY—CONFLICT OF EVIDENCE—APPEAL.—Upon an appeal from an order vacating and setting aside the levy of an attachment, the appellate court is not authorized to review the evidence and make a different finding, where the trial court upon evidence definitely tending to support the defendant's claim determined that the property attached was exempt from attachment under subdivision 4 of section 690 of the Code of Civil Procedure.

APPEAL from an order of the Superior Court of Los Angeles County quashing the levy of an attachment. John M. York, Judge.

The facts are stated in the opinion of the court.

Williams, Goudge & Chandler, for Appellant.

F. B. Woodruff, for Respondent.

CONREY, P. J.—Under a writ of attachment duly issued in this action the sheriff levied upon certain personal property of the defendant. Thereafter, upon motion of the de-

fendant, the court made an order vacating and setting aside the levy made against said property, from which order the plaintiff appeals.

The defendant is an attorney at law, and the motion was made upon the ground that the personal property seized was his professional and necessary law office furniture and, as such, exempt from execution or attachment. (Code Civ. Proc., sec. 690, subd. 4.) In support of this motion respondent presented to the court an affidavit in which he stated that on the day of the levy, and for several years prior thereto, he was in the actual possession and enjoyment of said property, and was using the same in the actual practice of his profession, the same being his necessary office furniture as described. A counter-affidavit was filed wherein an agent of the plaintiff stated that on the date of the levy, and for some time prior thereto, the described property was used by persons other than the defendant, and during that period of time was not being used by the defendant and was not necessary to him in his business as an attorney at law. Omitting further facts detailed in the affidavits, it is sufficient to observe that they present a conflict of evidence upon the issues as to whether or not the property in question was necessary office furniture then in use by the defendant in the practice of his profession. The superior court having determined that issue of fact in favor of respondent upon evidence definitely tending to support respondent's claim, we are not authorized to review the evidence and make a different finding. From the facts found the conclusion necessarily followed that the property was exempt from attachment.

The order is affirmed.

James, J., and Shaw, J., concurred.