## DEAN v. SHEPHARD.

Circuit Court of Appeals, Ninth Circuit.
April 30, 1928.

No. 5282.

Bankruptcy ⬦396(4)—Power-driven electric motors, connected with joiner, band saw, and transmission equipment belonging to bankrupt auto body mechanic, held exempt as necessary tools" (Code Civ. Proc. Cal. § 690, subd. 4).

Two horse power and five horse power electric motors, connected with joiner and band saw and transmission equipment belonging to bankrupt auto body mechanic, held exempt under Code Civ. Proc. Cal. § 690, subd. 4, which exempts "the tools or implements of a mechanic or artisan, necessary to carry on his trade," since exemption may extend to power machinery appropriate to use by single mechanic.

[Ed. Note.—For other definitions, see Words and Phrases, Necessary Tools.]

Appeal from the District Court of the United States for the Southern Division of the Northern District of California; George M. Bourquin, Judge.

Proceedings by W. E. Dean, as trustee in bankruptcy of the estate of Robert E. Shephard, bankrupt, to require the bankrupt to turn over certain property claimed as exempt. From an order sustaining bankrupt's claim of exemption, the trustee appeals. Affirmed.

On the hearing of an order to show cause why the appellee should not turn over certain property claimed as exempt, it was stipulated that the following was the testimony produced:

That the bankrupt was and is an auto body mechanic, and had followed that trade exclusively and continuously for more than 15 years last past and up to the present time; that at the time of filing his petition, and for some 4 months previously, he was carrying on his trade by himself alone, and had no other mechanics or men working for him; that at the time of filing his petition in bankruptcy the bankrupt was using in his said trade and claimed as exempt the following tools and implements, to wit: One 12-inch joiner with two horse power direct drive motor attached. One 36-inch band saw connected up with ½-inch post drill and an emery wheel and driven by a five horse power motor—and the following transmission equipment: One countershaft, with four pulleys and two hangers, one 3½-inch belt, ¼-inch belt, one 2-inch belt, and two Wells-Norris motor starting switches.

That the bankrupt could not carry on his trade as an auto body mechanic under present-day conditions without the use of said implements driven by electric motors—that such [implements] band saw, joiner, drill, and emery wheel with said motors to drive are part of the ordinary equipment of an auto body mechanic, who carries on his trade as such and is the minimum equipment with which an auto body mechanic can successfully carry on his trade. That without said equipment an auto body mechanic cannot carry on said trade for himself.

Laurence R. Chilcote, of Oakland, Cal., for appellant.

W. E. Rode, of Oakland, Cal., for appellee.

Before GILBERT, RUDKIN, and DIETRICH, Circuit Judges.

GILBERT, Circuit Judge (after stating the facts as above). This case comes to us on appeal from the order of the court below sustaining the appellee's claim of exemption of the tools and implements described in the above statement of facts. The statute of California (subdivision 4, § 690, C. C. P.) exempts "the tools or implements of a mechanic or artisan, necessary to carry on his trade." Here the claim of exemption included one two horse power and one five horse power electric motor, connected respectively with a joiner and a band saw and certain transmission equipment. The contention of the appellant is that power machinery is not included within the term "tools or implements of a mechanic or artisan." It is true that there are decisions holding that, in order to be exempt, a "tool" or machine must be operated by hand and not by steam or water power, but, on the other hand, it has been held that exemption as a tool or implement may extend to an electric motor and to a lathe, and even to portable steam engines and machinery for sawing logs and making lumber. Eckman v. Poor, 38 Colo. 200, 87 P. 1088; In re Robinson (D. C.) 206 F. 176; Baker v. Maxwell, 183 Iowa, 1192, 168 N. W. 160, 2 A. L. R. 814; Wood v. Bresnahan, 63 Mich. 614, 30 N. W. 206; Reeves v. Bascue, 76 Kan. 333, 91 P. 77, 123 Am. St. Rep. 137; In re Robb, 99 Cal. 202, 33 P. 890, 37 Am. St. Rep. 48; In re Petersen (D. C.) 95 F. 417.

The tools which the appellee claimed as exempt are, we think, those which are necessary in his trade or occupation. In Hills v. Joseph, 229 F. 865, this court held that statutes creating the right of exemption are subject to the rule of liberal construction, and are generally subject to the most liberal con-

struction which the courts can possibly give them. The court below, in an opinion with which we agree, said: "It is apparent that the tools or implements involved are what may be termed 'one man' tools or implements; that is, they are appropriate to use by one mechanic and generally so used, though power driven. There is nothing in this remedial statute limiting the mechanic to hand tools, denying to him the benefit of development and improvement in his craft."

The order is affirmed.