[Civ. No. 18210. Second Dist., Div. Two. May 29, 1951.]

BYRON PEEBLER et al., Appellants, v. J. M. DANZIGER et al., Respondents.

Roland Maxwell, and Paul H. Marston for Appellants.

A. Brigham Rose for Respondents.

WILSON, J.—Plaintiffs obtained a money judgment against defendants, including defendant Hutchinson. An execution was issued and levied upon the latter's tools and equipment consisting of three lawn mowers—one hand mower, a circular power mower, and a Gravely tractor mower—an iron bar, shovels, spades, picks and adze, and a grave lowering device. Defendant filed with the sheriff a claim that the property under levy consisted of "The tools or implements of a me-

chanic or artisan, necessary to carry on his trade," and were exempt from execution as provided in section 690.4 of the Code of Civil Procedure. Upon a hearing before the court for the determination of the validity of the claim of exemption the court granted the claim and plaintiffs have appealed from the order.

Defendant testified that he is sexton at Graceland Cemetery and has no other business or occupation; that he is not employed by anyone other than himself; that his duties are to water and mow the lawn, open, close and fill in the graves and remove the extra dirt therefrom; to place pipes for flowers, and to make and furnish redwood boxes and place them in the graves. For such work it is necessary for him to have the use of all the tools and implements upon which the writ of execution was levied.

The term "tools and implements" includes any implement needed and used for the purpose of carrying on one's trade or business. (*In re McManus*, 87 Cal. 292, 294 [25 P. 413, 22 Am.St.Rep. 250, 10 L.R.A. 567]; *In re Robb*, 99 Cal. 202, 203 [33 P. 890, 37 Am.St.Rep. 48].)

Order affirmed.

Moore, P. J., and McComb, J., concurred.