**Matter of Daniel E. SANDERSON, Bankrupt.**

**No. 42844.**

United States District Court
N. D. California, S. D.

Oct. 6, 1955.

Daniel Aronson, Jr., San Francisco, Cal., for trustee.

Jefferson E. Peyser, San Francisco, Cal., for bankrupt.

EDWARD P. MURPHY, District Judge.

This is a petition for review of a referee's order sustaining objections to the trustee's report of exempt property. By his order, the referee set aside to the bankrupt three items of property which are here challenged. They raise different questions and are separately discussed.

■ The first item is a homestead exemption allowance in the amount of $12,-500. There is no question about the proper declaration of the homestead. The issue between the trustee and bankrupt arises out of the fact that the homestead exemption allowance provided by California before September 1, 1953, was in the amount of $7,500, which amount was raised on that date to $12,-500. California Civ.Code, § 1260. Some of the bankrupt's creditors became such before September 1, 1953, however, and under the law of California, these creditors are restricted only by the amount of the homestead allowance in force at the time of the contraction of the debt, In re Rauer's Collection Co., 1948, 87 Cal. App.2d 248, 196 P.2d 803, or $7,500. From this, the trustee argues that by virtue of the provisions of Section 70, sub. c of the Bankruptcy Act, 11 U.S.C.A. § 110, he is entitled to proceed in the shoes of any creditor, and may therefore be limited only by the lesser exemption, or $7,500.

Section 6 of the Bankruptcy Act, so far as pertinent, provides:

"This Act shall not affect the allowance to bankrupts of the exemptions which are prescribed by the laws of the United States or by State laws in force at the time of the filing of the petition * * *." 11 U.S.C.A. § 24.

■ To allow the trustee here, who is acting for the general creditors who became such after September 1, 1953 as well as for those who became creditors earlier, to set aside the exemption of $12,500 would manifestly deny to the bankrupt the exemption which the laws of California have given him against all but a specific group of creditors. Section 6 of the Act was intended to control the entire Act, including Section 70, sub. c.

It is the conclusion of the Court, therefore, that the homestead exemption allowance of $12,500 was proper, and the order of the referee is affirmed in that respect.

The remedy of those creditors whose rights under California law extend beyond the $12,500 exemption is in the State Courts. Accord, In re Buckley, D. C.W.D.La.1938, 24 F.Supp. 832, at page 835 (title to property exempt under state law does not pass to trustee, although creditors held valid waiver of exemption) and cases cited therein.

The constitutional issues raised by the briefs are not necessary to the decision of this case, and are not discussed.

■ The remaining items of challenged property were set aside to the bankrupt by the referee under the provisions of California Code of Civ.Proc. § 690.4. The first of these items is classified as tools and implements of the bankrupt, coming within the first sentence of Section 690.4, which reads as follows:

"The tools or implements of a mechanic or artisan, necessary to carry on his trade".

The property concerned, so far as set forth in the referee's order, is: "1–14″ band saw, 1–8″ table saw, 1–6″ planer, 1–1–½ h.p. Duplex cut-off saw, 2 Skill saws, 6 picks, 6 shovels, 3 wrecking bars, 1 sledge hammer, miscellaneous small tools; hammer saw, hand plane, screwdrivers, drills, bits, etc." The trustee objects on the grounds that the bankrupt is not within the statutory definition of "mechanic or artisan" and that they are not "necessary to carry on his trade". The referee made contrary findings on both points, after a hearing. The transcript of the hearing, which is a part of the record herein, reveals that the bankrupt testified that he was a building contractor, but that he also used every one of the named items personally, and hired others to use them under his immediate supervision, on those parts of a building contract which he did not contract out to other persons. He testified that he used those tools regularly, "at various times." He further testified that he did not let out to other sub-contractors the carpentry work and the common laborers' work, such as wrecking, which work he supervised im-

mediately, and for which he provided some of the tools named. It is a reasonable inference from the testimony of the bankrupt that he himself participated in the carpentry and wrecking work, together with others whom he hired for that work. Evidently, it is with this testimony in mind that the referee acted in treating the bankrupt as a "mechanic or artisan". It is instructive to note that in a previous federal case applying the same provision, the court allowed an exemption of a baker's implements, although the baker employed others to use the implements. In re Petersen, D.C. 1899, 95 F. 417, 419. The court there pointed out that

> "it must be understood that a baker would not be entitled to utensils and implements in number sufficient to carry on an extensive business, in the prosecution of which his own labor would be relatively a small factor, and of little value, when compared with the capital invested or the labor of others employed therein."

The court went on to say that the question of what tools and implements were necessary in a given case was a matter of fact, to be decided on common sense principles as each case arose. It has been said by California courts that their exemption statutes are to be liberally construed in case of doubt. See Security First National Bank of Los Angeles v. Pierson, 1938, 2 Cal.2d 63, 38 P.2d 784. The courts of California have exempted, under Section 690.4, the safe of a jeweler and watchmaker, In re McManus' Estate, 1890, 87 Cal. 292, 293, 25 P. 413, 10 L.R.A. 567, and the instruments of a sexton, Peebler v. Danziger, 1951, 104 Cal.App.2d 490, 231 P.2d 894. There is sufficient basis in the instant record for the referee's conclusion in the case at bar that the described tools were necessary for the carrying on of the bankrupt's trade, and his order is affirmed in that respect as well.

■ The third item of property is office furniture of the bankrupt, used by him in his capacity as building contractor, including, as set forth in the referee's order, the following:

> "1 typewriter, 1 adding machine, 1 check protector, and 1 recording calculator".

These items are not claimed by the bankrupt as tools of an artisan. They are plainly the office equipment of a businessman. Justification for exemption of these items, in excess of the amount of $200 provided by Cal.C.C.P. § 690.1, must be found in the remaining portion of Section 690.4. The remainder of that section sets forth with great particularity what items of their equipment may be retained by a great variety of persons in various occupations but makes no allowance for office furnishings in general for businessmen other than those specifically named. The single general clause relating to "typewriters or other mechanical contrivances employed for writing in type, actually used by the owner thereof for making his living" follows immediately upon the phrase " * * * also the typewriter of a stenographer, the typewriter of a newspaper reporter and the * * *." It would seem to have been intended, therefore, to apply to writing contrivances which were the principal equipment of persons whose livelihood was made primarily from the use of such contrivances, and not to business persons who made use of typewriters as part of their general office equipment. It may be relevant to note here that the bankrupt testified that he did not himself know how to use the typewriter. In the absence of California decisions to the contrary, the detailed language of Section 690.4 compels the conclusion that no general exemption for office equipment was intended by the legislators, and that the referee was in error with respect to the above named items of office furniture. With the exception of the last item of property mentioned, the referee's order is sustained.