HOWDEN, J.
 

 This is an appeal by defendant from a judgment denying a claim of exemption from execution. The judgment is appealable (Code Civ. Proc., § 690.26, subd. 14). The facts material to this proceeding are not in dispute. Plaintiff recovered a judgment against defendant and thereafter levied execution on a “D-2 Caterpillar tractor with a bucket ‘dozer attachment.’ ” Defendant filed an affidavit of exemption which stated no facts. Plaintiff submitted a counteraffidavit consisting solely of a lament that defendant had alleged no facts. Defendant thereafter submitted a supplemental affidavit averring that the tractor was of a value of less than $4,000. However, this latter document is now of no consequence since, on oral argument, defendant abandoned his contention that the tractor was a farming utensil or implement of husbandry as defined in Code of Civil Procedure, section
 
 *Supp. 844
 
 690.3. Defendant now places sole reliance upon section 690.4 providing exemption for “the tools or implements of a mechanic or artisan, necessary to carry on his trade.”
 

 Defendant was the sole witness at the time of the hearing. His testimony cured the defects in his affidavit. He testified that his occupation or business was that of spreading gypsum and fertilizer in the field for farmers. He acquired the tractor in 1951 or 1952 and at the time of the levy (in September 1958) the equipment was in the yard of his home at Wasco. He has followed his particular occupation for 10 or 12 years. Without the use of the tractor he cannot engage, profitably, in his occupation. He had not used the tractor within 60 days of the levy since it was the slow season in agriculture. He engages in this particular occupation from the end of cotton harvest until late spring. He sells gypsum and other soil conditioners to farmers and also bids for the application of the materials. On the basis of this evidence, the trial court denied the claim of exemption. Defendant appeals.
 

 By the terms of the statute (Code Civ. Proc., § 690.4) the party seeking the exemption here involved must meet three requirements. (1) He must be a “mechanic or artisan.” (2) The equipment involved must be a tool or implement. (3) The equipment must be “necessary to carry on his trade.”
 

 Respondent urges that appellant is not a “mechanic or artisan” and in support of his position presents several dictionary definitions of the words in question. In
 
 Estate of Nelson,
 
 132 Cal. 182 [64 P. 294] it was said: “Philology is, at best, an unsafe criterion for ascertaining the meaning of words which are in common use, and the definition thus obtained is always subordinate to the meaning derived from the context, or from the circumstances under which the word is used.” (See also
 
 Myers
 
 v.
 
 Alta Construction Co.,
 
 37 Cal.2d 739 [235 P.2d 1].)
 

 The language in question (“mechanic or artisan”) appeared in the statute when first enacted in 1872.
 
 In re Petersen,
 
 95 F. 417, decided in 1899, held a baker to come within the provisions of the section although the specific exemption for the “tools or equipment of a cook” was not added until 1941.
 
 In re Robb
 
 (1893), 99 Cal. 202 [33 P. 890, 37 Am.St.Rep. 48], held a machinist to be a mechanic, not a manufacturer, even though he produced a finished product for sale to others. By dictum in the same ease, a tailor is a mechanic.
 
 Peebler
 
 v.
 
 Danziger,
 
 104 Cal.App.2d 490 [231 P.2d 894],
 
 *Supp. 845
 
 held a gravedigger, self-employed, to be a mechanic or artisan.
 
 In re Mitchell
 
 (1894), 102 Cal. 534 [36 P. 840] conceded,
 
 arguendo,
 
 that the manager of a printing shop, not himself a printer, was a mechanic or artisan but held that not all of the equipment involved was necessary to his trade.
 

 Peebler
 
 v.
 
 Danziger, supra,
 
 defines a tool or implement as “any implement needed and used for the purpose of carrying on one’s trade or business.”
 
 In re McManus
 
 (1890), 87 Cal. 292 [25 P. 413, 22 Am.St.Rep. 250, 10 L.R.A. 567], held a jeweler and watch-repairer’s safe to be an implement and cited, with approval, other cases involving a barber’s chair and a sewing machine. In
 
 Security-First National Bank
 
 v.
 
 Pier-son,
 
 2 Cal.2d 63 [38 P.2d 784] it was said: “Considering the beneficent and humane purpose of exemption statutes, such a policy of liberal construction may be said to apply when there is doubt whether the particular personal property is a tool or implement.”
 

 Whether the use of the particular implement is “necessary” in carrying on the debtors’ trade is usually a question of fact
 
 (In re Mitchell, supra)
 
 and the determination of the trial court in this regard will generally not be disturbed on appeal.
 
 (Development Bldg. Co.
 
 v.
 
 Woodruff,
 
 31 Cal.App. 732 [161 P. 754].) Here, the evidence was undisputed that appellant could not profitably carry on his business without the use of the equipment in question.
 

 In
 
 Robert v. Adams,
 
 38 Cal. 383 [99 Am.Dec. 413], the court was called upon to construe the provisions of what is now Code of Civil Procedure, section 690.3, relating to “the farming utensils or implements of husbandry of the judgment debtor.” It was there said: “The Act (section 690) does not, in express terms, make this exemption applicable only to such judgment debtors as were engaged in the business of farming at the date of the levy; but it is obvious that such was the intention and we so held in
 
 Brusie
 
 v.
 
 Griffith,
 
 34 Cal. 302 [91 Am.Dec. 695]. That this is the correct interpretation of the Act we entertain no doubt whatever.” A similar holding is found in
 
 Howell
 
 v.
 
 Boyd,
 
 2 Cal.App. 486 [84 P. 315], although the evidence there indicated, affirmatively, that the judgment debtor had abandoned his farming efforts. Assuming, without deciding, that the foregoing rule is applicable to proceedings under Code of Civil Procedure, section 690.4, we are nevertheless of the opinion that appellant was, in fact, engaged in his particular occupation but was temporarily prevented from following it actively by reason of the crop cycle.
 

 
 *Supp. 846
 
 Although the burden of proof lies with the party claiming the exemption (Code Civ. Proc., § 690.26, subd. 10), the exemption statutes should be fairly and liberally construed and, as far as practicable, beneficially to the debtor.
 
 (White
 
 v.
 
 Gobey,
 
 130 Cal.App.Supp. 789 [19 P.2d 876].) For the reasons stated, the judgment is reversed with directions to the trial court to enter its judgment granting the claim of exemption. Appellant will recover his costs.
 

 Lambert, P. J., and Main, J., concurred.