[Civ. No. 14601. Third Dist. July 23, 1975.]

ALBERT W. LAMPLEY, Plaintiff and Appellant, v.
GEORGE M. ALVARES, as Constable, etc.,
Defendant and Respondent;
JOHN KEARNEY, Real Party in Interest and Respondent.

**COUNSEL**

Wilson Curle for Plaintiff and Appellant.

Robert A. Rehberg, County Counsel, for Defendant and Respondent.

No appearance for Real Party in Interest and Respondent.

**OPINION**

**EVANS, J.**—The real party in interest, as judgment creditor of petitioner, directed respondent, Constable of the Redding Judicial District, to levy a writ of execution on petitioner's bank account. Petitioner attempted to file with the respondent a claim of exemption pursuant to section 690.18 of the Code of Civil Procedure.[1] Respondent refused to accept the claim of exemption without payment by petitioner of a $3 fee, asserting as authority for such payment section 26721 of the Government Code.

Petitioner's application for writ of mandate was denied by the Superior Court of Shasta County, and this appeal ensued.

[1] Section 690.18 of the Code of Civil Procedure exempts from execution, following judgment, public pensions, retirement, disability, or death benefits.

Petitioner contends: (1) there was no statutory authority requiring payment of a fee as a prerequisite to filing the claim of exemption; and the exemption process (Code Civ. Proc., § 690 et seq.) is an integral part of the writ of execution process, and all fees required in connection with that process are paid by the judgment creditor seeking the levy; (2) assuming arguendo the statutory authority for the fee exists, such requirement violates the due process and equal protection clauses of the California and United States Constitutions; and (3) arguing such a requirement discriminates against persons who cannot afford the filing fee.

I

The provisions governing fees to be charged and collected for services performed by sheriffs are contained in section 26720 et seq. of the Government Code. Section 27821 of the Government Code provides that the fees to be charged and collected by constables for their services are those allowed by law to sheriffs.

Although the Government Code does not contain specific authority for collection of a fee for the filing and processing of a declaration of claim of exemption, respondent asserts as authority for its requirement of a $3 fee, section 26721 of the Government Code. That section provides, "Except as provided in this article, the fee for serving or executing any process or notice required by law or the litigants to be served is three dollars ($3)."

Our determination requires a review of the statutory provisions relating to the process of execution. Section 682.1 of the Code of Civil Procedure contains, among others, the following two provisions: "Notice to the Judgment Debtor: You may be entitled to file a claim exempting your property from execution. You may seek the advice of an attorney or may, within 10 days from the date your property was levied upon, deliver an affidavit to the levying officer seeking to exempt such property, as provided in Section 690.50 of the Code of Civil Procedure." The following from section 682.1 is directed to the levying officer: "These presents are therefore to command you to satisfy the said judgment with interest and costs as provided by law and your costs and disbursements out of the personal property of said debtor *not exempt* from execution, . . ." (Italics added.) The section is quite clear in its mandate that the levying officer satisfy the judgment only out of the debtor's nonexempt property; it also explicitly details for the judgment debtor the process to

be followed in claiming his right of exemption. Subdivision (a) of section 690.50 of the Code of Civil Procedure relating to exemptions, affidavits and counteraffidavits, release, hearing, custody, and disposition of the property, provides in pertinent part as follows with reference to the judgment debtor: " . . . in order to avail himself of his exemption rights as to such property, [he] shall within 10 days from the date such property was levied upon deliver to the levying officer an affidavit of himself or his agent, together with a copy thereof, alleging that the property levied upon, identifying it, is exempt, specifying the section or sections of this code on which he relies for his claim of exemption, . . ."

Subdivision (b) of that section provides: "Forthwith upon receiving the affidavit of exemption, the levying officer shall serve upon the plaintiff or the person in whose favor the writ runs (herein referred to as 'the creditor'), either personally or by mail, a copy of the affidavit of exemption, together with a writing, signed by the levying officer, stating that the claim to exemption has been received . . . ." The remaining subdivisions of section 690.50 established the procedures to be followed by both the creditor, the debtor, and the levying officer. They are not pertinent to the decision required here.

Section 26609 of the Government Code requires the levying officer to make his return by certifying upon the process or notice either the manner and time of service, including the status of his levy of the writ of execution, or his failure to do so, together with the reason for the failure, and to return the process or notices without delay to the plaintiff or as in this case, the creditor. (*Hooper* v. *McDade* (1905) 1 Cal.App. 733 [82 P. 1116]; *Frohman* v. *Bonelli* (1949) 91 Cal.App.2d 285 [204 P.2d 890].) Section 26660 of the Government Code reads as follows: "As used in this title: [¶] (a) 'Process' includes all writs, warrants, summons, and orders of courts of justice, or judicial officers. [¶] (b) 'Notice' includes all papers and orders required to be served in any proceedings before any court, board, or officer, or when required by law to be served independently of such proceeding." Section 26663 provides: "Any sheriff who does not return a process or notice in his possession, with the necessary endorsement thereon, without delay is liable to the person aggrieved for all actual damages sustained by him."

Out of the foregoing statutory pronouncements, respondent apparently relates the language of subdivision (b) of section 690.50 of the Code of Civil Procedure which reads: "[T]he levying officer shall serve upon the plaintiff or the person in whose favor the writ runs . . ." to the provisions

of section 26721 of the Government Code requiring payment of a fee for service of process. The respondent's reliance upon these provisions is misplaced.

In *Twining* v. *Taylor* (1959) 170 Cal.App.2d Supp. 842, 844 [339 P.2d 646], the court in considering an application for exemption referred to then section 690.4 of the Code of Civil Procedure providing that the party seeking the exemption must meet certain requirements: (1) he must be a mechanic; (2) the equipment involved must be a tool or implement; and (3) the equipment must be necessary to carry on his trade. In *Twining*, respondent asserted that 'the appellant was not a mechanic or artisan and presented several dictionary definitions of the words in question. The court in deciding the question of construction of statutory requirement involving exemptions stated, "In *Estate of Nelson,* 132 Cal. 182 [64 P. 294] it was said: 'Philology is, at best, an unsafe criterion for ascertaining the meaning of words which are in common use, and the definition thus obtained is always subordinate to the meaning derived from the context, or from the *circumstances under which the word is used.*' (See also *Myers* v. *Alta Construction Co.,* 37 Cal.2d 739 [235 P.2d 1].)" (Italics added.) The court in *Twining* at page 846 stated: "Although the burden of proof lies with the party claiming the exemption . . . , the exemption statutes should be fairly and liberally construed and, as far as practicable, beneficially to the debtor. (*White* v. *Gobey,* 130 Cal.App.Supp. 789 [19 P.2d 876].)" (See also *Lopp* v. *Lopp* (1961) 198 Cal.App.2d 474, 476 [18 Cal.Rptr. 338].) Here a liberal construction of various statutes is not required in our determination nor is a resort to philology.

■ " 'There is no rule of law that necessarily requires the same meaning to be given to the same word used in different places in the same statute' [citations], much less the same word used in different statutes relating to essentially different matters and subject to different construction." (*Lambert* v. *Conrad* (1960) 185 Cal.App.2d 85, 95 [8 Cal.Rptr. 56].)

The use of the term "serve" in the exemption statute cannot be semantically construed as in a "service of process" as contained in section 26721 of the Government Code.

■ Where a statute is susceptible of two constructions, one leading to mischief or absurdity, and the other consistent with justice and common sense, the latter must be adopted. (*Jacobs* v. *Dept. of Motor Vehicles*

(1958) 161 Cal.App.2d 727 [327 P.2d 123]; *Metropolitan Water Dist.* v. *Adams* (1948) 32 Cal.2d 620, 630 [197 P.2d 543].) As we view the statutory provisions relied upon by the respondent, the unreasonableness of respondent's interpretation is obvious. To require payment of a fee as a prerequisite to accepting a properly executed claim of exemption (Code Civ. Proc., § 690.50, *supra*) could result in an arbitrary frustration of the total purpose of the statutory scheme requiring satisfaction in the writ process out of the debtor's "nonexempt" property. ■ We view the whole of the execution process, title 9, chapter 1, Code of Civil Procedure sections 682.2-690.52, as a reasonably constructed statutory process. It is clear that the claim of exemption is an integral part of the writ process. The levying officer when requested to commence the levy by the creditor is required to secure his fee in the manner prescribed by the Government Code.[2]

The process requires the making of the return, so that the creditor and the court may be informed of the status of the execution. In order to accomplish the return, an integral part of the levy, the claim of exemption must be processed as required in title 9, chapter 1 of the Code of Civil Procedure. Thus, it is clear the claim of exemption process is an integral part of the return required and for which the levying officer has received his fee from the creditor.

It is significant to note in the execution process an absence of any provision or requirement for the payment of a filing fee or service fee on the part of the judgment debtor in asserting his claim of exemption. The respondent acted beyond his authority in the absence of such statutory provision.

## II

Petitioner has attacked section 26721 as unconstitutional under the due process clauses and equal protection clauses of the federal and state Constitutions.[3] This constitutional question need not be reached since our conclusion on petitioner's first contention is dispositive of the appeal.

[2]Government Code section 26722 provides for the fee for the levying of a writ of attachment, execution, or order for the delivery of personal property. Title 3, division 2, article 7 of the Government Code, sections 26720-26749, establishes the fees to be collected by the levying officer.

[3]Article I, section 13 of the California Constitution, which provides that no person shall be deprived of property without due process of law, has been held to be identical in scope and purpose with the due process clause of the federal Constitution. (*Gray* v. *Whitmore* (1971) 17 Cal.App.3d 1, 20 [94 Cal.Rptr. 904].)

(*Palermo* v. *Stockton Theatres, Inc.* (1948) 32 Cal.2d 53, 65-66 [195 P.2d 1].)

For the reasons previously stated, the judgment is reversed with directions to the superior court to issue the peremptory writ as prayed.

Friedman, Acting P. J., and Regan, J., concurred.